EUGENE THIELE, Respondent, v. W. C. MULLIGAN, INC., Appellant.— Action to recover damages for personal injuries sustained by plaintiff when struck on the head by a tailboard which fell from a truck owned by defendant. Judgment for plaintiff unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Hagarty, Davis and Johnston, JJ.

TITLE GUARANTEE AND TRUST COMPANY, Appellant, v. CHAMBERS DEVELOPMENT CORPORATION and Others, Defendants. GEORGE E. SEAMAN, Receiver-Respondent.— Appeal by the plaintiff from an order of the Special Term adjudging, among other things, that said receiver is not chargeable with the amounts of rents which were stolen by the superintendent of the building appointed by said receiver. Order modified so as to provide that the account of the receiver be surcharged with the sum of $1,475.50, being the amount of the rents of the premises misappropriated by the receiver's agent, and as so modified affirmed, with ten dollars costs and disbursements to appellant. In our opinion, a receiver of the rents, income and profits of premises in a foreclosure action, who is not authorized by the court to employ a superintendent or collector of rents, is chargeable with the misconduct of such agent in the misappropriation of rents collected by him, regardless of the good faith of the receiver or the absence of negligence on his part. The law contemplates that a receiver shall earn his commissions by a real and substantial service to the estate, and when, without permission of the court, he selects another to perform the service for which he is appointed, he should be liable for the misconduct of his employee. (*Niagara Life Ins. Co.* v. *Lincoln Mortgage Co.*, 175 App. Div. 415, and *Pfeifer* v. *1770 West Sixth Street Corporation*, 234 id. 777.) Lazansky, P. J., Young, Hagarty, Tompkins and Davis, JJ., concur.

TITLE GUARANTEE AND TRUST COMPANY, Respondent, v. AARON SCHWARTZ and Others, Appellants.— In a foreclosure action in which defenses and " causes of action by way of counterclaims " are set up, the defendants have been required to furnish a bill of particulars. Order modified by striking out paragraphs " 3a " and " c," and as so modified the order is affirmed, with ten dollars costs and disbursements to respondent. The defendants are granted ten days after the entry of the order in which to file their bill of particulars. No opinion. Lazansky, P. J., Carswell, Tompkins, Davis and Johnston, JJ., concur.

SYLVANUS D. WARD, Respondent, v. MILLARD E. THEODORE, Appellant, and FRANK W. ECKELS, and Others, as Executors, etc., of FRANK ELLER, Deceased, Impleaded Defendants-Respondents.— Action by attorney to recover for professional services in writing a brief at the request of another attorney, the latter being the attorney of record in a court proceeding. The clients of the latter attorney were made parties. Judgment in favor of the plaintiff against appellant and dismissing the cross-claim against the clients unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ.

IDA WILSON, Respondent, and SAMUEL PRIOR SMITH, Plaintiff, v. HENRY SWANSON and Another, Appellants.— Order setting aside a verdict in favor of defendants in a personal injury action unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Carswell, Tompkins, Davis and Johnston, JJ.