GEORGE LANG, as Administrator, etc., of ALICE LANG, Deceased, Appellant, v. ERIE RAILROAD COMPANY, Respondent.— Action to recover damages for the death of plaintiff's intestate as a consequence of the collision, at a highway crossing, of an automobile in which she was a passenger and defendant's train. Order dismissing the complaint and judgment entered thereon unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Carswell, Davis, Adel and Close, JJ.

THERESE LICHTIE, Respondent, v. BUD LIPMAN, Appellant.— Action for rent, to recover damages for breach of a covenant in the lease, and for waste. The action for waste was dismissed on the trial. Judgment in favor of plaintiff unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Johnston, Adel and Taylor, JJ.

MANUFACTURERS TRUST COMPANY, as Successor by Merger with the STATE BANK AND TRUST COMPANY, under a Certain Trust Agreement with PRUDENCE BONDS CORPORATION, Dated June 1st, 1928, Plaintiff, v. SEIDLAS' REALTY CORPORATION and Others, Defendants; JUNE FEIGENBAUM, Successor in Interest of RUBEN FEIGENBAUM, Appellant; JAMES W. SMITH, Receiver, Respondent.— Order settling receiver's accounts in an action to foreclose a mortgage modified by reducing the allowance to the receiver from $687.48 to $274.98 and reducing the allowance to the attorney from $1,750 to $1,250, and as thus modified affirmed, without costs. There was no justification for the employment of an agent to collect the rents. The receiver should have done so. (*Title Guarantee & Trust Co.* v. *Chambers Development Corp.*, 246 App. Div. 643; affd., 270 N. Y. 641; *Pfeifer* v. *1770 West Sixth Street Corp.*, 234 App. Div. 777.) Therefore, the disbursements to the agent should be deducted from the allowance which otherwise would have been made to the receiver. The allowance to the attorney for the receiver is excessive for the services rendered. The receiver should have paid the taxes as they accrued with more promptness but in view of the modification made in- the allowance to him, this phase will not be the subject of a surcharge. Lazansky, P. J., Carswell, Davis, Johnston and Close, JJ., concur.