(80 Misc. Rep. 398.)

## COHEN v. FEUERSTEIN.

(Supreme Court, Appellate Term, First Department.　April 16, 1913.)

1. RECEIVERS (§ 200*)—APPOINTMENT—PERSONS LIABLE—FEES.

> Where a receiver is appointed without authority of law, the person responsible for his appointment is liable for his fees and expenses; but mere inadequacy of property, and failure to realize at a sale sufficient to cover costs and expenses, will not render the person responsible for the appointment personally liable for the deficiency, where he has been guilty of no irregularity, and has properly invoked the jurisdiction of the court in the first instance.

> [Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 397–399, 401; Dec. Dig. § 200.*]

2. MORTGAGES (§ 474*) — FORECLOSURE — RECEIVERS — EXPENSES — COMPLAINANT'S LIABILITY.

> Where, in a suit to foreclose a mortgage, plaintiff was appointed receiver of the rents and profits, and on taking possession discovered that immediate repairs were necessary, and made them at the request of the defendant, with full knowledge on defendant's part that the moneys in the receiver's hands were insufficient to pay for the repairs, but without any express or implied contract on defendant's part to pay for them, the fact that the receivership proceedings were dismissed without the receiver's knowledge, before sufficient money to pay for the repairs, etc.,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

had been received from the income of the property, did not render defendant liable for the deficiency.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 1386; Dec. Dig. § 474.*]

Appeal from City Court of New York, Special Term.

Action by Joseph Cohen, individually and as receiver for the benefit of George Feuerstein, against George Feuerstein. From a City Court order granting plaintiff's motion for judgment on the pleadings, consisting of a complaint and demurrer, defendant appeals. Reversed.

Argued April term, 1913, before GUY, GERARD, and PAGE, JJ.

B. Gerson Oppenheim, of New York City (Louis M. Shimel, of New York City, of counsel), for appellant.

Goldfogle, Cohn & Lind, of New York City (Chas. L. Cohn and Alfred D. Lind, both of New York City, of counsel), for respondent.

PAGE, J.   The complaint alleges that in an action of foreclosure in the Supreme Court, in which this defendant was plaintiff, Joseph Cohen, the plaintiff herein, was upon the application of this defendant appointed receiver of the rents and profits of certain real property and duly qualified; that upon taking possession of the property as such receiver he discovered it to be "in such condition that immediate repairs thereof were necessary for the preservation thereof, and that, had said repairs not been forthwith made, the said premises would have become uninhabitable and dangerous to the health, life, and limb of the tenants or persons in occupancy of said building"; that thereupon the plaintiff herein, upon the request of the defendant, and "with the full knowledge on the part of this defendant that the moneys which the plaintiff herein, as receiver, had in hand were insufficient to pay for such repairs, proceeded to make such repairs and to incur expenditures and liabilities therefor." It further states that after the incurring of the said expenditures, and before the receiver had collected an amount sufficient to reimburse himself therefor, the action was discontinued by consent of the parties to the action, and the receivership terminated, all without the knowledge or consent of the receiver.   There follows a statement of proceedings had upon the settlement of the receiver's account, wherein certain referee's, stenographer's, and counsel fees were incurred by reason of objections filed to the account, and in which it was finally adjudged that there was a deficiency due to the receiver of $441.03, for which amount judgment was demanded.

The defendant demurs to the complaint, on the ground of misjoinder of parties plaintiff, and that the complaint does not state facts sufficient to constitute a cause of action.   The learned justice of the Special Term in effect overruled the demurrer, and from his determination this appeal is taken.

[1] While it has frequently been held that, where a receiver is appointed without authority of law, the party who was responsible for his appointment is liable for his fees and expenses (Weston v. Watts, 45 Hun, 219), "the mere inadequacy of the property, and its failure

to realize at a sale sufficient amount to cover the costs and expenses of the receivership, will not render the plaintiff personally liable for such deficiency, where he has been guilty of no irregularity, and has properly invoked the jurisdiction of the court in the first instance" · (High on Receivers, § 809a). In Atlantic Trust Co. v. Chapman, 208 U. S. 360, 28 Sup. Ct. 406, 52 L. Ed. 528, 13 Ann. Cas. 1155, the above principle was affirmed by the Supreme Court of the United States.

[2] It appears from the complaint that the receiver was properly appointed, and no liability of the defendant can be predicated upon irregularity or illegality of the proceedings. It is claimed that his liability arises from the fact, stated in the complaint, "that all of the said expenditures and excess of 'expenditures were incurred by the plaintiff herein for the benefit of and at the request of the defendant." As the account set forth shows that there was not sufficient money collected to defray the expenses of the receivership, there was no benefit to this defendant accruing therefrom, and he cannot be charged with the burdens and expenses on that ground. Assuming that he requested the plaintiff to make repairs, no liability would arise unless from the circumstances of the request could be implied a promise to pay. The receiver was in no sense the agent of this defendant, and was not amenable to his command or direction. It was his duty as an arm of the court to preserve the property from the income of the property, but not otherwise. This is not a case in which the receiver has been requested to do something outside of the usual scope of his duty, under a promise to pay for it. At the time the request was made it was certainly the intention of both parties that the expenses should be defrayed from the income of the property, and it was not foreseen that the receivership would terminate before sufficient funds were collected. No promise to pay can be implied in fact from the probable intention of the parties, and inasmuch as it does not appear that the discontinuance of the action was the fault of the defendant, no duty can be imposed by law upon him by reason thereof. No express promise to pay is alleged, and, as none can be implied, the complaint shows no ground for the defendant's alleged liability.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.