NIAGARA LIFE INSURANCE COMPANY, Respondent, *v.* LINCOLN MORTGAGE COMPANY, Appellant, Impleaded with MITCHELL SMOLEROFF and Others, Defendants.

First Department, December 1, 1916.

Receiver — suit of foreclosure — duty of receiver to care for property personally — employment of real estate agent and counsel by receiver without leave of court.

The receiver of rents and profits appointed in an action to foreclose a mortgage on real property is required to earn his commissions by real and substantial services personally rendered to the estate. He should not turn over the duty of collecting rents to a real estate agent, or employ counsel to advise him without first obtaining permission of the court. If he makes expenditures for such services without permission, the court, in its discretion, may surcharge his accounts with the amount thereof.

APPEAL by the defendant, Lincoln Mortgage Company, from an order of the Supreme Court, made at the Bronx Special Term and entered in the office of the clerk of the county of Bronx on the 13th day of September, 1916, confirming the account of William Moores, as receiver of rents and profits in a foreclosure action.

*Henry A. Blumenthal* [*David C. Cohen* of counsel], for the appellant.

*Arnold O. Schramm* [*Charles W. Dayton* of counsel] for the respondent.

PER CURIAM:

On or about December 2, 1915, William Moores was appointed receiver of rents and profits in an action by the plaintiff to foreclose a first mortgage on premises in the borough of The Bronx consisting of an apartment house with twenty-four tenants. The appellant, Lincoln Mortgage Company, was made a party as the holder of a second mortgage.

The action proceeded to judgment and sale, and on June 28, 1916, the receiver filed his account in the office of the clerk of Bronx county, by which account it appeared that he had a balance on hand of $157.32, after charging himself with $3,069.12 and crediting himself with expenditures amounting to $2,911.80. Among the expenditures the receiver claimed credit for $152.09 paid by him as commissions to a real estate firm for collecting rents and caring for the property. He also asked to be allowed a disbursement of $150 as counsel fee. On September 12, 1916, an order was made allowing $100 as counsel fee and surcharging the receiver's account with $50. The order also fixed the receiver's allowances at $153.45, and directed the payment by the receiver to the defendant appellant of $53.87, being the $50 surcharged and $3.87, the difference between the balance of $157.32 in the receiver's hands and the amount of his allowance, $153.45.

On this basis the account of the receiver was settled and he was discharged from his trust.

We think the order was improperly made, in that it allowed the expenditure for counsel fee and for services of a real estate agent in collecting the rents. In this particular matter it would seem that the receiver laid the performance of most of his duties upon a counsel and a real estate agent.

The law contemplates that a receiver should earn his commissions by a real and substantial service to the estate. When these services are performed for him by others selected by him without permission of the court appointing him he cannot look to the estate for reimbursement unless the exigency of the case is such as to justify a court in the exercise of a wise discretion in allowing those expenditures. It does not appear that such an exigency existed in this case.

We have here an instance of a practice, occurring all too

frequently, where a receiver in foreclosure turns over to an agent the task of collecting rents and employs counsel to advise the receiver, without first obtaining permission of the court, relying upon the court's ultimate approval of those expenditures. It is a practice which imposes serious and unnecessary burdens upon the estate and should be discontinued.

We think the allowance for agent's commissions and counsel fee should be disallowed, with the exception of a counsel fee of $25, which is allowed upon the consent of the appellant.

The receiver's account is accordingly surcharged with $277.09, being $152.09 commissions paid to the real estate agents, and $125 excess paid to counsel, and the order settling and confirming the receiver's accounts modified accordingly, and as so modified affirmed, without costs.

Present — CLARKE, P. J., SCOTT, SMITH, PAGE and DAVIS, JJ.

Order modified as stated in opinion, and as modified affirmed, without costs. Order to be settled on notice.