DORA KAPLAN HANDMAN, Formerly Known as DORA KAPLAN, Appellant, *v.* LOUIS MADONICK and Others, Defendants. JOHN A. CUNEHAN, Receiver, Respondent.

First Department, March 18, 1932.

*Charles Diringer*, for the appellant.

*John F. Keating* of counsel [*Myers, Treanor & Keating*, attorneys], for the respondent.

MARTIN, J.  On April 16, 1931, the court appointed a receiver of the rents, issues and profits of 847 Kelly street, Bronx.  The receiver filed a bond in the sum of $2,500 in accordance with the order and entered upon the discharge of his duties.  When he took over the property, an eight-family apartment house, there were seven tenants in the building and the rents for the month of April had been paid.  The tenants refused to pay the rent for the month of May.  After making a number of demands therefor the receiver started proceedings against each of the seven tenants.  Two tenants, after being served with the papers in dispossess proceedings, vacated the premises.  In June, 1931, two other tenants were dispossessed and the remaining three tenants paid the monthly rent, totaling the sum of $131.

The foreclosure sale took place on June 29, 1931.  The plaintiff in the foreclosure action, being the only bidder, bought in the property.  In July, 1931, the receiver, at the request of the attorney for the plaintiff, turned the property over to the plaintiff.

In the discharge of his duties the receiver collected the sum of $131 in rents and expended the sum of $38.42, as follows: Coal, $26; electricity, $5.87, and agent's commissions, $6.55.  He has in his possession the sum of $92.58.  There remain unpaid the following items: Janitor's wages, $90; marshal's fees, $60; insurance premiums and premium on receiver's bond, $92.54; receiver's fee, $100; attorney's fee, $50; totaling the sum of $392.54.  The deficit amounts to the sum of $299.96.

The receiver submitted his account to the attorney for the plaintiff and requested payment thereof.  Upon the refusal to pay, the receiver submitted his account to the court at Special Term, and moved for an order judicially settling and approving same and decreeing it to be final and conclusive on all the parties interested herein; fixing the amount of commissions to be paid to the receiver and the compensation of his attorney, and directing that the plaintiff pay to the receiver the sum of $299.96, the deficit or debit balance shown in the account filed, and directing that the receiver, upon such payment to him, pay the parties entitled thereto the sum of $392.54 now unpaid and that upon payment being made the receiver be discharged and his bond canceled.

The receiver says that the account was properly settled as filed; that the items allowed were all necessary to properly conduct the receivership and were made for the benefit and protection of the property and that the plaintiff's attorney had full knowledge of the expenditures made and obligations incurred. The receiver further contends that after he had several times demanded that the plaintiff pay the deficit, the plaintiff's attorney asked the attorney for the receiver to prepare the necessary papers and the account would be approved. When the papers were presented to the court the plaintiff not only refused to consent to the items set forth therein but filed objections thereto.

The appellant says that a plaintiff in a foreclosure action cannot be compelled to pay a deficiency in a receiver's account; that a receiver is permitted to expend only those moneys which have been received as income from the property; that the plaintiff's attorney did not agree at any time to pay any deficiency.

In *Atlantic Trust Co.* v. *Chapman* (208 U. S. 360) the court held that a receiver, as soon as he is appointed and qualifies, comes under the sole direction of the court and his engagements are those of the court. The liabilities he incurs are chargeable upon the property and not against the parties at whose instance he was appointed and who have no authority over him and cannot control his actions. While cases may arise in which it may be equitable to charge the parties at whose instance a receiver is appointed with the expenses of the receivership, in the absence of special circumstances the general rule, which is applicable in this case, is that such expenses are a charge upon the property or fund without any personal liability therefor on the part of those responsible for the appointment.

In its opinion the court said: " We are of opinion that the Court of Appeals erred in holding that the Trust Company was liable for the deficiency found to exist. No such liability could arise from the simple fact that it was on plaintiff's motion that a receiver was appointed to take charge of the property pending the litigation. The motion for a receiver was to the end that the property might be cared for and preserved for all who had or might have an interest in the proceeds of its sale. The circumstances seemed to have justified the motion, but whether a receiver should have been appointed or not was in the sound discretion of the court. Immediately upon such appointment and after the qualification of the receiver, the property passed into the custody of the law, and thenceforward its administration was wholly under the control of the court by its officer or creature, the receiver."

In *Booth* v. *Clark* (17 How. [U. S.] 322, 331, cited in *Atlantic Trust Co.* v. *Chapman*) the court said: "A receiver is an indifferent person

between parties, appointed by the court to receive the rents, issues, or profits of land, or other thing in question in this court, pending the suit, where it does not seem reasonable to the court that either party should do it. Wyatt's Prac. Reg. 355. He is an officer of the court; his appointment is provisional. He is appointed in behalf of all parties, and not of the complainant or of the defendant only. He is appointed for the benefit of all parties who may establish rights in the cause. The money in his hands is in *custodia legis* for whoever can make out a title to it. *Delany* v. *Mansfield*, 1 Hogan, 234. It is the court itself which has the care of the property in dispute. The receiver is but the creature of the court; he has no powers except such as are conferred upon him by the order of his appointment and the course and practice of the court. *Verplanck* v. *Mercantile Insurance Company* [2 Paige, 452]."

In the *Atlantic Trust Co. Case* (*supra*) the court, in speaking of the exceptional cases in which a party bringing the suit has been held liable, said: " It is true that cases are cited in which the party bringing a suit, in which a receiver is appointed, has been held liable for expenses incurred by the receiver in excess of the proceeds arising from the sale of the property. But in most, if not in all, of those cases the circumstances were peculiar and were such as to make it right and equitable, in the opinion of the court, that that should be done. * * * The mere inadequacy of the property or fund to meet such expenses constitutes in itself no reason why liability should be fastened upon the plaintiff, who has been guilty of no irregularity, and who, so far from seeking any improper advantage, has succeeded in his suit by obtaining the relief asked, namely, a decree of foreclosure and sale."

In *Cohen* v. *Feuerstein* (80 Misc. 398) the court said: " It was his duty as an arm of the court to preserve the property from the income of the property, but not otherwise. This is not a case in which the receiver has been requested to do something outside of the usual scope of his duty under a promise to pay for it. At the time the request was made it was certainly the intention of both parties that the expenses should be defrayed from the income of the property and it was not foreseen that the receivership would terminate before sufficient funds were collected."

It may be considered a hardship that a receiver should not be reimbursed for all proper disbursements made by him during the time that he has been in charge of the property, but it would be a much greater hardship to permit a receiver to incur debts far in excess of the amount received by him as receiver and charge same to a party at whose instance the receiver was appointed in the

foreclosure action but who has no power to decide what expenditures shall be made.

We are aware of the fact that there are instances where the receiver in all fairness should be reimbursed for disbursements made, but the law appears to be well settled that he should not incur any indebtedness unless he is in a position to defray same from the fund collected as receiver.

In receiverships where disbursements are absolutely necessary to protect the property they may be made through an application to the court. In a receivership in a foreclosure action the proper course would seem to be to limit a receiver to necessary disbursements that may be met by the funds in the receiver's possession.

We are of the opinion, therefore, that the orders should be reversed, without costs, and the matter remitted to Special Term for further consideration.

FINCH, P. J., MERRELL, McAVOY and SHERMAN, JJ., concur.

Orders reversed, without costs, and the matter remitted to Special Term for further consideration.