THE EMIGRANT INDUSTRIAL SAVINGS BANK, Appellant, v. FELDBLUM REALTY CORPORATION and Others, Defendants, Impleaded with SAMUEL COWEN, Receiver, Respondent. (Action No. 2.)

First Department, May 12, 1933.

*Henry B. Hammond* of counsel [*Walter E. Warner, Jr.*, with him on the brief; *R. & E. J. O'Gorman*, attorneys], for the appellant.

*Charles H. Friedrich* of counsel [*Charles F. Edsall* with him on the brief; *Charles H. Friedrich*, attorney], for the respondent.

SHERMAN, J. The report of the official referee to whom was referred a disputed question of fact has been confirmed. Plaintiff in this foreclosure suit is required to pay to the temporary receiver of the rents the sum of $160.98. The receiver's account shows a credit balance of only $97.83 with which to defray the receiver's commissions amounting to $133.81 and the fee which the receiver claims is owing to his attorney for services in the sum of $125.

Plaintiff objects to being required to pay these sums, maintaining that the receiver, having incurred an indebtedness beyond the amount in his hands sufficient to extinguish the claims, has no right to look to plaintiff for reimbursement.

The receiver claimed that he had consulted with plaintiff and was advised to make all disbursements necessary to keep the premises in good, rentable condition. The claim that plaintiff specifically agreed to pay these items is flatly contradicted by the affidavits in opposition to the motion to settle the receiver's account, and is not clearly substantiated. No letter or written authorization to pay such expenses was produced by the receiver.

This court held in *Handman* v. *Madonick* (235 App. Div. 47) that in a like receivership the receiver should be limited to making such necessary disbursements as may be met out of the funds in his possession; the general rule is that in the absence of special circumstances, the expenses of the receiver are a charge upon the fund in his hands and there is no personal liability on the part of those responsible for his appointment. If special circumstances existed which required the expenditure of moneys beyond those coming into the hands of the receiver, he should have applied to the court for instruction to incur such expenditures and demonstrated the necessity therefor or should have obtained from the plaintiff in writing the promise to pay the required amount upon the accounting. The receiver cannot under the circumstances here present obtain by means of this motion a judgment against plaintiff in this action.

The order appealed from, settling and confirming the receiver's account, should be modified by striking out that part of the order which confirms the report of the official referee and directs the plaintiff to pay to the receiver the amount of the deficiency, and by reducing the amount of the receiver's commissions to the amount of the credit balance in his hands, and as so modified affirmed, with twenty dollars costs and disbursements to the appellant. The appeal from the order of reference should be dismissed.

FINCH, P. J., MERRELL, McAVOY and MARTIN, JJ., concur.

Order settling and confirming the receiver's account modified by striking out that part of the order which confirms the report of the official referee and directs the plaintiff to pay to the receiver the amount of the deficiency, and by reducing the amount of the receiver's commissions to the amount of the credit balance in his hands, and as so modified affirmed, with twenty dollars costs and disbursements to the appellant. Appeal from order of reference dismissed.

Settle order on notice.