TITLE GUARANTEE AND TRUST COMPANY, Appellant, v. OSCAR KORALEK and Others, Defendants, and LEANDER W. FABER, Receiver-Respondent.— On a motion to discharge a receiver and, among other things, to approve the receiver's account, fix his commissions and the fees of his counsel, and to direct that the plaintiff pay to the receiver and his counsel any deficiency between the sums awarded to them and the balance remaining in his hands, and for other relief, it appeared that the receipts of the receiver were $258 and that his expenditures were $243.86. At Special Term the motion was granted and plaintiff was charged with allowances to the receiver and his attorney. Order modified by striking therefrom the sum of $100 allowed as commissions to the receiver and twenty dollars allowed to his counsel, together with the direction that the plaintiff pay the receiver $85.86 and the attorney twenty dollars; and by fixing the amount payable to the receiver and his counsel at the sum remaining in the hands of the receiver; and as so modified the order is affirmed, without costs. The allowances made under the circumstances do not represent the proper exercise of discretion. The plaintiff in an action is not personally chargeable with the debts and commissions of a receiver except when they are authorized by the court during the progress of the action or under special circumstances. (Atlantic Trust Co. v. Chapman, 208 U. S. 360; Handman v. Madonick, 235 App. Div. 47; Emigrant Industrial Sav. Bank v. Feldblum Realty Corp., 238 id. 231.) Whether section 1547-a of the Civil Practice Act is by its terms retroactive is a question not decided here. Whether it is applicable to the present case or not, the allowances to be made by the court rest in sound discretion. The receiver has presented in this record no facts which indicate reasons for departing from the sound rule that a plaintiff is not liable for the fees or disbursements of an officer of the court over whose acts he has no control. It is only where special circumstances are shown involving some delinquency on the part of the plaintiff or unusual merit in the receiver's application that the plaintiff will be subjected to such charges and required to pay them. Lazansky, P. J., Young, Davis, Johnston and Adel, JJ., concur.

TITLE GUARANTEE AND TRUST COMPANY, Appellant, v. SEA WAVE REALTY CORPORATION and Others, Defendants; SAMUEL E. HENDRICKSON, Receiver-Respondent.— In an action to foreclose a mortgage upon real property, in which a receiver had been appointed, the order confirmed the second intermediate account of the receiver, fixed the amount of his commissions and directed payment to the attorney for the receiver of $400 counsel fees. The appeal is from only that part of the order fixing the counsel fees. Order modified by reducing the counsel fees to $250 on the ground that the amount allowed is excessive, and as so modified affirmed, in so far as an appeal is taken therefrom, without costs. Lazansky, P. J., Young, Davis, Johnston and Adel, JJ., concur.

CLARA WALD, Respondent, v. WALTER J. KLAUM, Appellant, and MANUFACTURERS TRUST COMPANY, Defendant.— Order denying motion of defendant Klaum to disallow items 1, 3 and 6 of the notice of examination before trial and to limit his examination to the remaining items contained in the notice affirmed, in so far as an appeal is taken therefrom, with ten dollars costs and disbursements, examination to proceed on ten days' notice. No opinion. Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ., concur.