TITLE GUARANTEE AND TRUST COMPANY, Appellant, v. SARAH ABRAMS and Others, Defendants, and BERNARD T. D'ARCY, Receiver-Respondent.— In a foreclosure action on a motion to settle the receiver's account and fix his commission and allowance and to direct that plaintiff pay to the receiver any deficiency between the amount awarded him and the balance remaining in his hands, order granting respondent's motion to compel the payment by plaintiff of such deficiency modified so as to strike out the provision therein allowing the receiver commissions and certain disbursements and also the provision that plaintiff pay the deficit of $239.96 appearing in the receiver's accounting, and by substituting in place thereof a provision that plaintiff pay such deficit to the extent of $54.42, being the amount of unpaid bills for plumbing less the balance in the receiver's hands. As so modified, the order is affirmed, without costs. In our opinion, the plaintiff may not, except under special circumstances, be personally charged with the debts and commissions of a receiver. (See Atlantic Trust Co. v. Chapman, 208 U. S. 360; Handman v. Madonick, 235 App. Div. 47; Emigrant Industrial Sav. Bank v. Feldblum Realty Corp., 238 id. 231.) But we think that the repairs to the heating system, bills for which are unpaid, amounting to $56.50, were for emergency and necessary repairs arising from a cracked boiler, and these bills should be allowed and paid by plaintiff as having been incurred under special circumstances. It is unnecessary to determine whether or not the provisions of section 1547-a of the Civil Practice Act are retroactive. The provisions of that section simply give the court discretion in the matter, and, even assuming that that statute applies in the case at bar, we think the discretion of the Special Term was not properly exercised as to the portion of the order struck out. Except in a case of extreme emergency, calling for speedy action, where the expenditure

necessary is not large, a receiver should, before undertaking to make repairs upon the property involved, obtain the consent of the plaintiff in the action to the making of such repairs. Lazansky, P. J., Young, Davis, Johnston and Adel, JJ., concur.