FIRST NATIONAL BANK OF HOBOKEN, Judgment Creditor, *v.* CHARLES MILBAUER, Judgment Debtor.

City Court of New York, Special Term, Kings County, December 31, 1937.

*Jenks & Rogers*, for the judgment creditor.

*M. Herman Mandel*, for the receiver, J. E. Brandfon.

GEISMAR, J. This is a motion by the receiver, appointed in proceedings supplementary (1) to discharge him as the receiver herein; (2) to cancel his bond; (3) to fix and grant the receiver's fees, earned to present date; (4) to fix and grant fee to attorney; (5) and for such other relief as may be just.

At the time of his appointment the receiver was in the active practice of his profession as an attorney at law. He was appointed on the 18th day of December, 1934, and qualified on the same date.

In July, 1936, the receiver was appointed a court attendant in the Supreme Court, Kings county, and is occupying such position at the present time. As stated to me on the oral argument, the receiver is now of the opinion that he is forbidden by some provision of law to act as receiver while he is occupying the position of court attendant in the Supreme Court, and that ethical considerations also require that he shall terminate his position as receiver.

On the argument I asked counsel to designate the particular statute which it is claimed forms a legal impediment to a court attendant accepting an appointment as a receiver. Learned counsel was unable to designate any particular section.

The receiver has received no property whatsoever, and there is no money in his hands at the present time.

The history of this proceeding is well known to me, because of the fact that the original motion to punish the judgment debtor for contempt came before me. The application for the receivership was unquestionably made in good faith by the judgment creditor. There seems to be no dispute furthermore on this point. At the time when the judgment debtor was found in contempt, it was admitted that he had been in possession of certain valuable property, consisting chiefly of expensive jewelry, and at the time when the judgment creditor applied for and was granted this receivership, it was confidently expected that the receiver could become possessed of at least a part of this valuable jewelry.

To the present motion the respondent judgment creditor says that he is entirely willing to consent to the discharge of this receiver, but he objects to the allowance of any fee, however, to the receiver or to any attorney employed by him. The only moneys that have been collected by the judgment creditor have been received upon an order of garnishment, which order was obtained quite some time anterior to the appointment of the receiver, and these moneys, amounting to some $500, have never gone into the hands of the receiver, have never been demanded by him, and on this motion,

indeed, the said receiver does not make any claim whatsoever that such moneys should have been handed to him.

I, myself, am of the opinion that the moneys collected on the garnishment did not have to be placed in the hands of the receiver, but I make this decision exclusively upon the facts of this case alone, without wishing to lay down any general principle to that effect.

Upon the affidavits submitted in behalf of the judgment creditor, it would appear that if this receiver were willing to continue his office as receiver until the judgment creditor could find out where he stands, and how much can be collected in satisfaction of the order fining the judgment creditor, that then it would be easy for the judgment creditor, with the help of the court, to make some adjustment with the receiver in order to give him some compensation. But as the judgment creditor represents to the court, if the receiver now insists upon his discharge, it may result in great inconvenience and detriment to the judgment creditor, so that the judgment creditor is fully of the opinion that he ought not to be compelled to pay any fee, since nothing has been collected by the receiver.

(1) I have carefully searched the Judiciary Law for the purpose of discovering any section which forbids a court attendant of a court of record, or a court not of record, to act as a receiver. Section 251 of the Judiciary Law directs that clerks in courts of record, within the territory of the First and Second Judicial Districts, are not to be appointed as referees, receivers or commissioners. Section 251-a recites that confidential clerks of justices of the Supreme Court are not to be appointed referees, receivers or commissioners. I have not been able to find any section whatsoever which places a legal impediment in the path of court attendants from accepting refereeships, receiverships or commissionerships. It may well be that the ethical considerations, which have been mentioned in behalf of the receiver herein, should be considered, and that because of the ethical principles involved a court attendant should not be appointed as a receiver.

Without discussing this point any further, I need only say that such ethical considerations do credit to the applicant herein. But it must be remembered that because of the peculiar features of this case it may well be that other considerations are to be considered as paramount even to so-called ethical niceties, or delicacies or feelings. The applicant was appointed as receiver long before he became a court attendant, and the continuance of himself in this office, for the purpose of concluding his work, if any, might be a more urgent consideration, for the benefit of the judgment creditor, than any other.

However, there is no need to discuss this aspect at any length. It is sufficient that the judgment creditor consents to the discharge and, therefore, this head of the motion is granted, and it is ordered that the receiver be discharged, and that the judgment creditor take all necessary and proper steps for the purpose of the cancellation of his bond.

(2) As to the second head of the motion, namely, the allowance of a fee to this receiver, I am constrained to hold, under the authority of the case of *Title Guarantee & Trust Co.* v. *Koralek* (247 App. Div. 915), decided by the Appellate Division of the Second Department, that this court is in this case without power to allot to the receiver any fee whatsoever, excepting out of moneys actually in his hands. In that case the receiver engaged counsel and collected $258, out of which he expended about $244, leaving in his hands about $14, more or less. The court below, on application to fix the receiver's fees, and also his attorney's fees, allowed the receiver $100 as commissions and $20 as fee to his counsel, and further ordered that, since there was only $14 in the hands of the receiver, the plaintiff in the action should be charged personally with the deficit, to wit, $105.86. On appeal to the Appellate Division, the learned appellate court said, while modifying the order by striking therefrom everything excepting the payment of $14 to the receiver and his attorney as moneys actually in the hands of the receiver, as follows: " The receiver has presented in this record no facts which indicate reasons for departing from the sound rule that a plaintiff is not liable for the fees or disbursements of an officer of a court over whose acts he has no control. It is only where special circumstances are shown, involving some delinquency on the part of the plaintiff, or unusual merit in the receiver's application, that the plaintiff will be subjected to such charges and required to pay them."

There is some discussion in the opinion as to the meaning of section 1547-a of the Civil Practice Act, which was recently adopted, which provides in the main that " when, at the termination of a temporary or permanent receivership, there shall be no funds in the hands of the receiver, the court, upon application * * * may fix the allowance of the receiver and the fees of his attorney, in accordance with the respective services rendered, and may direct the party who moved for the appointment of the receiver to pay such sums, in addition to the necessary expenditures incurred by the receiver." It is to be noted, however, emphatically that section 1547-a says plainly that such action is to be taken, and the court may exercise such discretion, only " at the termination of a temporary or permanent receivership." It is to be noted that the

applicant herein makes no charge that the judgment creditor is guilty of any delinquency. Neither does he present any facts showing unusual merit in his services.

It, therefore, follows that under this decision, and under section 1547-a, the court is without power to allow this applicant any fee.

(3) Under the head of the application to allow the attorney of the receiver a fee, it is sufficient to cite the cases that hold that where the receiver is himself an attorney he may not employ another attorney unless he gets an order of the court to that effect. The lawyer-receiver is expected to do his own work. (*Niagara Life Ins. Co.* v. *Lincoln Mortgage Co.*, 175 App. Div. 415; *Utica Partition Corp.* v. *Jackson Construction Co.*, 201 id. 376; *Husqvarna Vapenfabriks Atkiebolag* v. *Hussey & Co., Inc.*, 211 id. 88.)

(4) The receiver asks that the judgment creditor be directed to pay the premiums due upon the receiver's bond herein, but I have been assured in open court by the judgment creditor's attorney that these fees have already been paid. If there is any mistake about this the court is willing to hear reargument on this point.

It follows, therefore, that the motion must be denied in all respects, and with respect to all heads thereof, with the exception that so much thereof discharging the receiver, and canceling his bond, is granted.