TITLE GUARANTEE AND TRUST COMPANY, Plaintiff, *v.* DORA FETNER, Defendant.

Supreme Court, Special Term, Kings County, September 16, 1938.

*Newman & Bisco,* for the plaintiff.

*Jesse Gruber,* for Denis S. Regan, receiver.

NOVA, J. This is a motion to confirm an award made by the official referee fixing the amount of the receiver's commissions and also the amount of the allowance to be given to the receiver's attorney. The referee, by order dated April 25, 1938, heard this

matter and reported that the receiver be entitled to his statutory commissions amounting to $517.96, and that the receiver's attorney be allowed a sum from $500 to $750.

This motion is made pursuant to section 1547-a of the Civil Practice Act. Prior to April 29, 1935, if a receivership was terminated and there were no funds on hand or insufficient funds on hand to pay the receiver, he (the receiver) possessed no remedy by which he could proceed to collect the fees due him. In 1935 the Legislature, by chapter 555, passed section 1547-a of the Civil Practice Act, effective April twenty-ninth of that year. The purpose of this section was to provide for such a situation and entitle the receiver to apply to the court to " fix the allowance of the receiver and the fees of his attorney " and that the court " may direct the party who moved for the appointment of the receiver to pay such sums." (Civ. Prac. Act, § 1547-a.)

The plaintiff in this action opposes the instant motion on the ground that this receiver was appointed on November 27, 1933, by order of this court, and, therefore, cannot avail himself of the benefits of the statute because it became effective in 1935 and is not retroactive. However, the statute in question reads as follows: " When, at the termination of a temporary or permanent receivership, there shall be no funds in the hands of the receiver," etc.

It will be noted that the statute applies to the " termination " of the receivership, and since this receivership did not terminate until December of 1937, it is that date which is of greatest importance. It would seem that it was the intention of the Legislature to encompass and provide for those receiverships which terminated after April 29, 1935. This would seem especially so since the statute gave to the receiver a remedy and does not create a right. The right to his commissions was there prior to the enactment of this statute and this section only provides him with a remedy by which he may enforce his right. Had this receivership terminated on April 28, 1935, a day before section 1547-a went into effect, certainly the receiver would not be entitled to plead the section successfully and the argument that section 1547-a was not retroactive would be a good one.

The Appellate Division, in *Title Guarantee & Trust Co.* v. *Koralek* (247 App. Div. 915), said: " It is only where special circumstances are shown involving some delinquency on the part of the plaintiff or unusual merit in the receiver's application that the plaintiff will be subjected to such charges [that is, commissions and fees of receiver and his attorney] and required to pay them."

In brief, then, the situation is this: If a receivership terminated after April 29, 1935, and there were no funds or insufficient funds in

the hands of the receiver to pay him and his attorney their commissions and fees, the court may charge the plaintiff or he who requested the appointment of the receiver with the payment of those commissions and fees where the receiver presents to the court a case of unusual merit or where it is apparent that the plaintiff has been delinquent or guilty of laches.

In the instant case this receivership lasted for approximately three and one-half years. During that time the receiver was required to make the ordinary numerous repairs and improvements. But in particular he installed, under court order and with the consent of the plaintiff, a new boiler at a cost of over $800. He also expended a sum in excess of $800 to remove major violations filed against the elevators in the property, also under court order and with the consent of the plaintiff. These payments constituted emergencies and their total is well over the amount sought by the referee for the fees and commissions. Moreover, during that period the plaintiff was free to terminate the foreclosure action, but instead, chose a time when the property had been improved at the expense of the receiver.

This court feels that the plaintiff should not be heard now to complain because it is asked to pay the receiver and his attorney their legal fees. The plaintiff has raised no question of complaint against the receiver's stewardship and this court would not be equitable if it were to penalize a receiver because he is a good one. The plaintiff, by refusing or neglecting to complete the foreclosure, has placed this receiver in an unfair position and the receiver has presented a case of unusual merit.

The award made by the official referee is hereby confirmed. The receiver is allowed the sum of $517.96, and he is instructed to apply the sum of $264.18, now in his hands, on account of the above amount, leaving a balance of $253.78. The receiver's attorney is awarded the sum of $650. The plaintiff is directed to pay the above sums. Motion granted. Settle order on notice.