HENRY KITT, Appellant, v. D. M. V. ESTATES, INC. et al., Defendants. ESTELLE HONIGMAN, as Executrix of REUBEN HONIGMAN, Deceased Receiver, Respondent; P. ZACCARO Co., INC., Intervenor-Respondent.

First Department, February 24, 1959.

*Sidney Lewis* for appellant.

*Hyman Herman* for intervenor-respondent.

*Per Curiam.* Appeal from an order settling the account of the deceased receiver, Reuben Honigman, in an action to foreclose a mortgage on real property. The premises involved are 1764 Madison Avenue, Borough of Manhattan, improved with a five-story brick building containing 10 apartments and two stores. The receiver was designated by order dated December 21, 1954. Shortly thereafter the receiver appointed the intervenor, P. Zaccaro Co., Inc., as his agent in respect of said premises without leave of court.

On April 10, 1955 a fire caused damage to six apartments and two stores. A second fire on May 10, 1955 resulted in damage to one apartment and the cellar. The receiver died May 30, 1955. The period covered by the account is from January, 1955 to and including May, 1955. The total sum disbursed is $3,062.34, of which apparently $1,017.75 is attributable to the two fires. The total of rents collected during said period is $1,809.90. The account shows a deficit of $1,252.44, of which the agent P. Zaccaro Co., Inc., advanced $892.94. The balance of $359.50 is allegedly due for plumbing repairs. It also appears that two checks of the Scottish Union and National Insurance Co., aggregating $1,017.75, have been issued payable to the executrix of the deceased receiver. Presumably said checks are reimbursement for the two fire losses.

The receiver's account as allowed by the order appealed from reflects commissions of the agent. In the absence of a court order authorizing the employment of an agent, upon a showing of the necessity therefor, a receiver is not entitled to reimbursement for agent's commissions. (*Niagara Life Ins. Co.* v. *Lincoln Mtge. Co.*, 175 App. Div. 415; *Pfeifer* v. *1770 West Sixth St. Corp.*, 234 App. Div. 777.) Moreover, regardless of the necessity therefor, substantial repairs to real property should not be made without leave of the court. (Rules Civ. Prac., rule 175; *Handman* v. *Madonick*, 235 App. Div. 47; *Title Guar. & Trust Co.* v. *Koralek*, 247 App. Div. 915; *Title Guar. & Trust Co.* v. *Abrams*, 248 App. Div. 595.) Nevertheless, on this record, it appears that appellant had knowledge of the two fires and the necessity for substantial repairs resulting therefrom. If appellant did not desire to repair the property and to thus jeopardize the flow of income therefrom, it was incumbent on him to so advise and inform the receiver and, if necessary, apply to the court for appropriate relief. Appellant did not object to the repairs at the time they were made; nor does he even at this time contend they should not have been made. It appears that the sums expended for the repairs consequent on the two fires were reasonable and the appellant has not set forth facts establishing otherwise.

The order settling the receiver's account should be modified on the law and in the exercise of discretion to the extent of disallowing the agent's commissions in the total sum of $90.51 and the counsel fee of the attorney for the executrix of the estate of the deceased receiver, and otherwise affirmed, without costs.

BOTEIN, P. J., BREITEL, M. M. FRANK, McNALLY and STEVENS, JJ., concur.

Order unanimously modified on the law and in the exercise of discretion to the extent of disallowing the agent's commission in the total sum of $90.51 and the counsel fee of the attorney for the executrix of the estate of the deceased receiver and, as so modified, affirmed, without costs.

Settle order on notice.