Charles A. Loreto, J.
In this mortgage foreclosure action, the receiver moves to settle his account, for a fixation of his commissions and an extra allowance, and for a direction requiring the plaintiff to pay a deficit in his account, in addition to commissions and allowances, or, in the alternative, that they be made a first charge upon the surplus money in the hands of the Referee. The Referee’s report of sale shows a surplus resulted from the sale in the amount of $6,100.54.
*460 The receiver was confronted with monumental problems in the management of a slum property incumbered by numerous and serious violations placed thereon by the various municipal authorities. During the first four months of the receivership, the income of the property was impaired because of rentals on each apartment reduced to the nominal sum of $1 by the Bent Commission. .The receiver handled the receivership in a diligent manner, discharged his duties satisfactorily and restored the premises to its full productive income potential. The expenses incurred in maintaining and preserving the property greatly exceeded the income derived. The filed account indicates a deficit of $4,222.06. In addition thereto, the receiver’s commissions have not been paid.
Section 1547 of the Civil Practice Act provides for maximum compensation to be paid a receiver computed at 5% of sums received and disbursed by him. There is no warrant in law for payment of an extra allowance for additional and unusual services (Mackenzie v. Marine Midland Trust Co., 247 App. Div. 750). The receiver’s account shows receipts of $6,518.85, entitling him to the sum of $325.94 as commissions.
Section 1547-a of the Civil Practice Act provides that when “ at the termination of a * * * receivership, there shall be no funds in the hand of the receiver, the court * * * may fix the allowance of the receiver * * * and may direct the party who moved for the appointment of a receiver to pay such sums, in addition to the necessary expenditures [administrative] incurred by the receiver. ” It is clear that the receiver is entitled to payment of commissions by plaintiff who moved for his appointment, absent any funds in the hands of the receiver at the termination of the receivership.
The order appointing the receiver explicitly provided that he “ shall not incur obligations in excess of the moneys in his hands without further order of this court or the written consent of plaintiff’s attorneys.” The receiver neither applied to the court for permission to incur expenditures in excess of the moneys in his hands, nor obtained plaintiff’s consent in writing to pay the amount required for permitted expenditures. Under the circumstances, the court holds that the plaintiff is not personally liable for the debts of the receivership (Title Guar. & Trust Co. v. Koralek, 247 App. Div. 915; Acme Mut. Corp. v. Loujay Realty Corp., 247 App. Div. 741; see, also, Handman v. Madonick, 235 App. Div. 47).
The branch of the receiver’s application which asks that the deficit in his account be declared a first charge on the surplus presents a case of first impression. No authority has been found *461 which, involves the rare situation in which there is a surplus on the sale of the property in foreclosure and a deficit in the receiver’s account.
Since the plaintiff, as first mortgagee, has been held responsible for the receiver’s commissions, it is entitled to priority to the extent thereof, over all other claimants to the surplus. Any other holding would be to subordinate, fro tanto, the plaintiff’s first mortgage to junior liens.
By parity of reasoning the receiver’s unpaid debts incurred during the receivership, representing unpaid expenditures incurred in maintaining and preserving the property, should be given priority over parties whose claims are junior to plaintiff.
The fact that the receiver’s deficit contravenes the terms of the order appointing him, should not bar his claim to the surplus as against claimants junior to the plaintiff. The receiver could have incurred the deficit with the written permission of plaintiff. If it had been given, clearly then plaintiff would have become liable and would, as first mortgagee, become entitled, fro tanto, to priority over all other claimants to the surplus. Any other holding would to that extent unfairly subordinate plaintiff’s first mortgage to junior liens, converting the foreclosure receivership from a protection of plaintiff’s rights to a subversion of them. Plaintiff’s permission not having been given to the receiver to incur the unpaid claims, his position in equity should be the same as. the plaintiff’s would be if it had given permission.
The determination of the receiver’s claim need not be relegated to a surplus money proceeding under section 1082 of the Civil Practice Act, for under that section surplus money claimants must take the fund as they find it, following the settlement of the receiver’s account. Accordingly, the motion is granted to the extent and in the manner herein indicated.