■ JOYCE GLADSTONE, Respondent, v. JASON J. GLADSTONE, Appellant.— Order, entered on December 9, 1964, granting plaintiff wife's motion for temporary alimony and counsel fee in an action for separation, unanimously reversed, on the law, on the facts, and in the exercise of discretion, without costs and without disbursements to either party, but with leave to plaintiff wife to apply to the trial court for the relief sought on the motion. The parties were married in 1959 and physically separated in 1963. There was no issue of the marriage. Both parties had been previously married and the wife has a son who is being supported by the prior husband. The husband supported the wife at a rate of approximately $1,011 per month after the physical separation but before he allegedly discovered post-separation misconduct by the wife. The wife has substantial assets and at one time during the marriage, at least, was interested in a business. Because of the heavily disputed issues, the fact that the wife has available assets, and because an early trial is indicated, as noted by Special Term, there is no necessity for the temporary relief granted (*Lake* v. *Lake,* 194 N. Y. 179, 184; *Layton* v. *Layton,* 19 A D 2d 726). On the other hand, the trial court will be in untrammeled position to make appropriate provision in all respects. Concur — Breitel, J. P., Valente, McNally, Stevens and Eager, JJ.

■ SANFORD SANDELMAN, Appellant-Respondent, v. 21 EAST 63RD STREET CORPORATION et al., Defendants, and THE PEOPLE OF THE STATE OF NEW YORK et al., Respondents. JEROME H. FRANK, as Receiver, Respondent-Appellant.— Order, entered on October 26, 1964, granting, *inter alia,* allowances to the receiver and the attorney for the receiver, unanimously modified, on the law, on the facts, and in the exercise of discretion to reduce the fees awarded to each to $600, with $30 costs and disbursements to plaintiff-appellant-respondent against respondent-appellant receiver and respondent-appellant attorney for the receiver. In this mortgage foreclosure action the receiver and his attorney functioned as such only for a few months, the foreclosure ending shortly in a settlement. Although no assets ever came into the receiver's hands, he was nevertheless entitled to the reasonable value of his services (CPLR 8004; *McHarg* v. *Commonwealth Fin. Corp.,* 195 App. Div. 862, 865–866). No rents were collected and the only unusual aspect of the proceeding was the necessity for fixing the rent of a tenant. The expert testimony offered in such a simple proceeding did not justify anything approaching the appraisal fees usually charged by the receiver (cf. *Niagara Life Ins. Co.* v. *Lincoln Mtge. Co.,* 175 App. Div. 415, 416). The subsequent appraisal and the foreclosure is subject to a comparable evaluation. The attorney also had less than the usual responsibilities associated with the early stages of a foreclosure proceeding and the handling of the relatively simple rent fixation proceeding. The awards, therefore, of $850 for the receiver and $1,000 for the attorney were excessive. Concur — Breitel, J. P., McNally, Stevens and Eager, JJ.