■ EAST CHATHAM CORP., Appellant, v. ROSE IACOVONE et al., Defendants, and AARON I. SCHWARTZ, as Receiver, Respondent.— Order entered December 3, 1965, granting the motion of a Receiver in a foreclosure action to compel plaintiff to post security of $60,000 for the payment of the Receiver's commissions, expenses and attorneys' fees and staying the foreclosure sale upon failure to post said security, unanimously reversed on the law and the facts, and in the exercise of discretion, and the motion is denied, with $30 costs and disbursements to appellant. Upon an application to settle his accounts, the Receiver requested $34,000 for commissions and expenses as well as an attorney's fee of $25,000. The account indicated that the Receiver had a balance of $25,000 and outstanding debts of some $22,000. Upon plaintiff's objections to the account, the matter of settling the Receiver's account was sent to a Referee to hear and report. Hearings before the Referee have not been completed. In the absence of statute, the mere insufficiency of the property in the hands of a Receiver to pay the expenses of the receivership does not give the Receiver the right to hold the plaintiff in the action personally responsible for the expenses unless special circumstances can be shown making such a disposition an equitable and just one. (*Atlantic Trust Co.* v. *Chapman*, 208 U. S. 360; 2 Clark, Receivers [3d ed.], §§ 637.1, 641, subd. [i].) In 1935 section 1547-a of the Civil Practice Act was enacted to permit a court to compel the party who moved for the receivership to pay any deficit in the

expenses and allowances of the Receiver. However, the courts in construing section 1547-a held that the party who moved for the appointment of a Receiver could not be charged with the expenses of the Receiver except under special circumstances. (*Title Guar. & Trust Co.* v. *Koralek,* 247 App. Div. 915; *Title Guar. & Trust Co.* v. *Abrams,* 248 App. Div. 595.) CPLR 8004 (subd. [b]) makes no substantial change from its predecessor statute, section 1547-a of the Civil Practice Act. (8 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 8004.09.) It is apparent in the instant case that whether there are special circumstances which would make it equitable for the court to direct plaintiff to make up any deficiency in expenses and allowances can only be determined upon the conclusion of the proceeding to settle the Receiver's account. The Receiver's right to compensation and the quantum will depend upon the outcome of the pending reference. Therefore, apart from the absence of any authority, statutory or otherwise, permitting a court to compel a plaintiff to post security for a Receiver's expenses, the granting of such an application, in the present posture of the proceedings, was premature and unwarranted. It is unnecessary to pass on the contention of the present plaintiff that in any event it would not be liable for the receivership expenses and allowances because it had been substituted for the plaintiff which had originally moved for the appointment of the Receiver. However, having been substituted as a party plaintiff, it would seem that appellant stands in the shoes of the original plaintiff both as to rights and obligations. Concur — Rabin, J. P., McNally, Eager and Bastow, JJ.; Valente, J., deceased.