Mario Pittoni, J.
On this motion by a receiver to settle his accounts and for other relief, a controversy exists with respect to certain items of the account and to the amount of the receiver’s commission.
In an action to foreclose a mortgage on real property located at 600 Hempstead Turnpike, West Hempstead, New York, the movant was appointed receiver on March 19, 1965 and qualified on March 31, 1965. By consent the receivership terminated on August 31, 1965.
The schedules attached to the moving papers show receipts of $1,948.75, disbursements of $1,709.44 and unpaid accounts of $4,046.82. There is no dispute concerning the receipts — rent from seven (later four) tenants of the two-story partly occupied office building on the plot — nor the disbursements, but as to Schedule “ C ” involving unpaid accounts the plaintiff registers an objection as to the Long Island Lighting Co. and Charles Langdon, Inc. items. (Objection to the bill for plate glass insurance $416.45 being withdrawn on the oral argument.)
The receiver states that those items “were actually accrued and incurred by me for and on account of the premises ”. The plaintiff contends that the lighting bill was not an obligation of the receiver. Examination of the order appointing the receiver does not reveal authorization to assume payment of any lighting bills unpaid by the owner at the time of the receiver’s appointment. If the landlord was obligated to furnish the tenants with lighting, the receiver had the obligation as part of his duty to rent the premises to pay for the current used during the period of the receivership. The court is unable to determine from the papers submitted whether there was such obligation and what part of the amount specified covers a prior obligation of the owner. Moreover, it would appear that the item dated August 12, 1965 includes the items dated May 12, 1965.
As to the item pertaining to managerial services by Charles Langdon, Inc., the plaintiff’s objection is well taken. The receiver was authorized “ to employ * * * an agent to rent and collect the rents of said premises and to pay the reasonable value of such agent’s services out of the rents received Here, the receiver promptly appointed Charles Langdon, Inc. as his agent; the latter in turn appointed Frances Guarneri as agent. *815 Frances G-uarneri, prior to her appointment, had been the managing agent for the owner. Of the $1,709.44 disbursed during the receivership, in excess of $1,000 was paid as salary for Frances Guarneri at the rate of $75 per week. As stated before, the receiver was authorized to appoint “ an agent ”, not two agents; the value of the agent’s services was to be paid out of rents received. Moreover, the mere rendition of a bill by Charles Langdon, Inc. without any detailed statement as to the services rendered would not warrant approval of the amount stated even if another agent, Frances Guarneri, had not been appointed. Accordingly, the items of Schedule “ C ” pertaining to Charles Langdon, Inc., totalling $800, are not approved — the plaintiff will not be ordered to pay that sum. (Bowery Sav. Bank v. 566 Amsterdam Ave. Corp., 32 Misc 2d 459, 460; Kitt v. D. M. V. Estates, 7 A D 2d 291, 292.)
Concerning the receiver’s commission, the court may not allow more than 5% “ upon the sums received and disbursed”, but it may allow in excess of that percentage up to $100 in a case where the commission computed is less than $100 (CPLR 8004). The total receipts were $1,948.75. As computed on the 5% basis the commission would be $97.44. Because the affidavits do not show the details of any services performed by the receiver, that amount, $97.44, is ample compensation. It may be observed that the receiver is not entitled as a matter of right to the commission provided in CPLB 8004 (Central Hanover Bank & Trust Co. v. Williams, 244 App. Div. 566, 567). Deference is made by the receiver to the recent ease, Sunrise Sav. Assn. v. West Park Ave. (47 Misc 2d 940) as authority for computing commissions at the 5% rate on the receipts and 5% on the disbursements, but the court declines to follow that holding. As stated in the later case, New York Bank for Sav. v. Jamaica Towers West Assoc. (49 Misc 2d 230, 232): “ In view of the long-established rule to the contrary, I cannot agree with the conclusions set forth and the determination in that case. ” See also the following cases in which the commission was computed only on the total amount received: Niagara Life Ins. Co. v. Lincoln Mige. Co. (175 App. Div. 415, at Special Term); Bowery Sav. Bank v. 566 Amsterdam Ave. Corp. (32 Misc 2d 459, 460); Knickerbocker Fed. Sav. S Loan Assn. v. 531 East 144th St., Inc. (39 Misc 2d 23). Section 192 of the General Corporation Law is similar in language to CPLB 8004. Under that statute (§ 192) “ It has been common practice to award one half of the proper commission percentage when moneys are received and one half when they are disbursed” (La Vin v. La Vin, 281 App. Div. 888, 889). But as held in the New York Bank for Sav. case (supra) the practice in *816 mortgage foreclosure actions is to compute the entire specified percentage on the moneys received. Moreover, where as here, so much of the work of the receiver has been delegated to a managing agent, there is authority for a substantial reduction in the percentage awarded (Central Hanover Bank & Trust Co. v. Williams, 244 App. Div. 566).
As the order authorized employment of counsel and no objection is made to the request for an attorney’s fees in the sum of $100, an allowance of that amount will be made.
Accordingly, the receiver’s account will be approved with the deletions of any sum for (1) lighting which he was not obligated to incur, and (2) managerial services of Charles Langdon, Inc. The receiver is directed to turn over the balance in his hands of $239.31, less his commission of $97.44 and his attorney’s fee of $100.