(September 23, 1985)

■ AMUSEMENT DISTRIBUTORS, INC., Appellant, v OZ FORUM, INC., Also Known as OZ FORUM LTD., Respondent. JOSEPH M. O'DONNELL, as Receiver, Respondent.—In a supplementary proceeding pursuant to CPLR 5228 to enforce a money judgment, the petitioner judgment creditor appeals from an order of the Supreme Court, Suffolk County (Brucia, J.), dated March 16, 1983, which, upon granting the court-appointed receiver's motion to be discharged, *inter alia,* (1) fixed his commission and his attorney's fees at $1,000 each, and (2) directed petitioner to pay said allowances and the unpaid balance of the receiver's necessary expenses.

Order modified, on the law, by reducing the amount awarded in the third and sixth decretal paragraphs to $100. As so modified, order affirmed, without costs or disbursements.

The receiver, appointed at the request of petitioner, collected a total of $378.33. However, at the termination of the receivership, the funds in the receiver's account were insufficient to pay his statutory commission, his attorney's fees and the necessary expenses incurred during the receivership.

Where receipts have been collected by the receiver, CPLR 8004 (a), formerly Civil Practice Act § 1547, establishes the maximum amount that a court, in the exercise of its discretion, can award as compensation to a receiver for the reasonable value of the services he rendered *(see, Hirsch v Peekskill Ranch,* 100 AD2d 863; *Caso v 323 Edgecombe Realty Corp.,* 25 AD2d 637; *Siegel v Bromanbro Realty Corp.,* 23 AD2d 634; *Cornell Assoc. v Euston Props. Corp.,* 50 Misc 2d 813).

As a general rule, commissions are only to be paid out of the funds in the receiver's hands at the termination of the receivership. CPLR 8004 (b) is a codification of the exception to the rule, and allows the court to impose on the party who moved for a receiver's appointment the obligation to compen-

sate the receiver if special circumstances exist *(see, East Chatham Corp. v Iacovone,* 25 AD2d 622, *appeal dismissed* 19 NY2d 687; *Benlian v Vartabedian,* 96 Misc 2d 63; *see also, Title Guar. & Trust Co. v Abrams,* 248 App Div 595; *Title Guar. & Trust Co. v Koralek,* 247 App Div 915; *Idan Holding Corp. v 244 Water Realty Corp.,* 154 NYS2d 396). Special circumstances exist where the receiver's application has unusual merit or where delinquency on the part of the judgment creditor has resulted in an increase in the necessary expenses of the receivership or has precluded the collection of greater receipts *(see, Title Guar. & Trust Co. v Koralex, supra).* A review of the record on this appeal discloses the existence of both conditions.

The legislative history indicates that former Civil Practice Act § 1547-a, the predecessor statute of CPLR 8004 (b), was enacted to accomplish a dual purpose *(see,* Confidential Memorandum From The Director of Research, Not Submitted To, Or Passed Upon, By The Law Revision Commission, on file in the Bill Jacket for L 1935, ch 555). First, in a case where receipts had been collected but the funds in the receiver's hands had been depleted by the end of the receivership, Civil Practice Act § 1547-a was intended to provide the receiver with a remedy for collecting from the party who moved for his appointment the commission owed him under Civil Practice Act § 1547 (now CPLR 8004 [a]), i.e., a fee not exceeding 5% upon the sums received and disbursed by him or a maximum allowance of $100 in the event the 5% computation did not amount to $100 *(see, East Chatham Corp. v Iacovone, supra; Title Guar. & Trust Co. v Fetner,* 169 Misc 363). Second, Civil Practice Act § 1547-a was enacted to clarify any existing ambiguity in the law *(see, Clark v Clark,* 132 Misc 588) regarding the court's authority to compel the party who applied for the receivership to pay for the reasonable value of the services rendered by the receiver in a case where the receiver had not obtained any property upon which a commission could be computed, pursuant to Civil Practice Act § 1547 *(see,* Confidential Memorandum From The Director Of Research, Not Submitted To, Or Passed Upon, By The Law Revision Commission, *op. cit.).*

Based on this legislative history, we conclude that in a case where receipts have been collected but the funds in the hands of the receiver have been depleted by the end of the receivership, the court in "fix[ing] the compensation of the receiver * * * in accordance with the * * * services rendered [by him]" under CPLR 8004 (b) is subject to the maximum fee

limitations set forth in CPLR 8004 (a) *(see, Bowery Sav. Bank v 566 Amsterdam Ave. Corp.,* 32 Misc 2d 459; *Title Guar. & Trust Co. v Fetner, supra; In re Studio 54 Disco,* 21 Bankr 308; *see also, City of New York v Big Six Towers,* 59 Misc 2d 839, *affd* 33 AD2d 658). However, if no property has been received and disbursed by the receiver, the fee which the court may fix pursuant to CPLR 8004 (b) is not subject to the fee restrictions set forth in CPLR 8004 (a) because the latter provision, by its own terms, is inapplicable *(see, Sandelman v 21 E. 63rd St. Corp.,* 23 AD2d 649). We are cognizant that this statutory construction may lead to an anomalous result because a receiver who collected nothing at all might, in the court's discretion, receive an allowance, payable by the judgment creditor, under CPLR 8004 (b), larger in amount than if he had succeeded in collecting some small sum upon which he could be allowed either a maximum of 5% or $100. This anomaly was brought to the Legislature's attention prior to the enactment of Civil Practice Act § 1547-a *(see,* recommendation of the Committee on State Legislation of The Association of the Bar of the City of New York contained in the Bill Jacket to L 1935, ch 555). Nevertheless, the Legislature approved the bill.

Consequently, since the receiver in this case collected $378.33, the maximum fee which could be awarded by Special Term, in the exercise of its discretion, was 5% of said receipts ($18.91) or an allowance of $100. Since a fee of $100 is more in accord with the services rendered, the order is hereby modified to reduce the receiver's commissions from $1,000 to $100. Mollen, P. J., Weinstein, Rubin and Eiber, JJ., concur.