■ LIBERTY MUTUAL INSURANCE COMPANY et al., Respondents, v PARALLEL MANAGEMENT et al., Defendants, and BERNS & CASTRO, P.C., Appellant. E. DAVID WOYCIK, JR., Nonparty Respondent. [830 NYS2d 760]—

In an action, inter alia, to recover damages for fraud, the de-

fendant Berns & Castro, P.C., appeals from a judgment of the Supreme Court, Nassau County (Davis, J.), entered November 16, 2004, which, upon an order of the same court dated September 22, 2004 granting the motion of the nonparty receiver E. David Woycik, Jr., for an award of receivership fees, is in favor of the nonparty receiver and against it in the principal sum of $9,100.

Ordered that the judgment is modified, on the law, by deleting the provision thereof awarding the receiver the principal sum of $9,100 to be recovered from the appellant and substituting therefor a provision awarding the receiver the principal sum of $9,100 to be recovered from the plaintiffs; as so modified, the judgment is affirmed, with one bill of costs to the appellant payable by the plaintiffs, and the order dated September 22, 2004 is modified accordingly.

After commencing a lawsuit against numerous defendants, the plaintiffs made an ex parte application to attach assets of several of the defendants, including the operating account of the appellant law firm, which application was granted by the Supreme Court. The appellant then moved to vacate the attachment of its bank account. During a hearing on the matter, the court suggested that a temporary receiver be appointed in lieu of an attachment so that the appellant could continue to pay its employees and its taxes. The appellant objected to the court's suggestion while the plaintiffs did not. In an order dated December 22, 2003 the court, sua sponte, ordered the appointment of a temporary receiver.

On January 22, 2004 this Court granted the appellant's motion to stay enforcement of so much of the order as appointed the receiver on condition that, inter alia, the appellant deposit the sum of $400,000 with the plaintiffs' attorneys, to be held in an escrow account pending the hearing and determination of the appeal. The appeal was later withdrawn pursuant to a stipulation.

The nonparty receiver moved for an award of receivership fees for work he performed prior to the stay issued by this Court. The Supreme Court granted the motion and awarded the receiver the principal sum of $9,100 to be recovered from the appellant. While we agree that the receiver was entitled to compensation, the Supreme Court should have directed the plaintiffs, not the appellant, to pay the fees due the receiver.

As there were no funds in the hands of the receiver at the termination of the receivership, the compensation of the receiver for services rendered is governed by CPLR 8004 (b), which provides that the court "may direct the party who moved for

the appointment of the receiver to pay such sums" (CPLR 8004 [b]; *see Amusement Distribs. v Oz Forum*, 113 AD2d 855, 856 [1985]). In an action such as this which seeks, inter alia, damages for fraud, the grounds for seeking an order of attachment pursuant to CPLR 6201 (3) and the grounds for the appointment of a temporary receiver pursuant to CPLR 6401 (a) are much the same. They both involve the protection of property over which a movant claims an interest from disposal or destruction by the party that possesses the property. Here, although the plaintiffs initially sought an order of attachment over certain assets of the appellant, they accepted, without objection, the Supreme Court's appointment of a temporary receiver as an alternative form of provisional relief. According, the plaintiffs should have been fairly charged with the receiver's compensation (*see Bankers Fed. Sav. Bank v Off W. Broadway Devs.*, 224 AD2d 376, 378-379 [1996]).

The appellant's contention that the receiver was not entitled to a fee as a result of his alleged misconduct is without merit. Rivera, J.P., Skelos, Dillon and Covello, JJ., concur.