ETHEL MACKENZIE, Plaintiff-Appellant-Respondent, v. THE MARINE MIDLAND TRUST COMPANY OF NEW YORK, Temporary Administrator, etc., of AUGUSTUS MACKENZIE, Deceased, Defendant-Respondent-Appellant; CENTURY INDEMNITY COMPANY, Petitioner-Respondent-Appellant. CLAIRE PERLMAN, Receiver-Appellant-Respondent; DANIEL G. CONNOLLY, Attorney-Appellant.— The receiver in sequestration growing out of the departure of Augustus Mackenzie from the State and his failure to continue the payments of alimony awarded pursuant to a judgment of separation granted to his wife in 1916, was, on Mackenzie's motion, discharged upon condition that he, Mackenzie, the husband, file a bond, with corporate surety, in the sum of $25,000 and that he pay $4,000 to cover arrears of alimony. The conditions were complied with, the surety being Century Indemnity Company, one of the parties hereto. Upon her discharge the receiver moved for a settlement of her accounts, and the matter was referred to an official referee. In his report he allowed the receiver, as and for her commissions, the sum of $3,339.11, and fixed her attorney's fee at $3,500. When the report came before the Special Term, the court reduced the receiver's commissions to $279.61 and the attorney's fee to $1,250. From the order entered thereon the receiver and her attorney appeal on the ground that the commissions and the fee are too small. The Marine Midland Trust Company, the temporary administrator appointed on the death of Mackenzie in 1934, appeals from that part of the order which allows the attorney for the receiver $1,250, its claim being that the amount is too large. On the same day the Special Term made another order, which directed the receiver to make certain payments. The plaintiff and the receiver appeal from that part thereof which directs the receiver to pay to herself, as commissions, the sum of $279.61, and to pay to her attorney $1,250. Century Indemnity Company, the surety, appeals from that part thereof which provides for payment of commissions and attorney's fee and from the failure to direct the discharge of its bond. Orders modified so as to provide that the attorney's fee be increased from $1,250 to $2,500, and as so modified affirmed, with ten dollars costs and disbursements to the receiver's attorney as against the temporary administrator and the surety. The Special Term was correct in reducing the amount of the receiver's commissions. The receiver was not entitled to commissions based on the value of stocks the transfer or sale of which had been enjoined. Those stocks, with the exception of the so-called Lehigh stock, were not reduced to possession by the receiver. Commissions can be computed only on the sums received and paid out. (Civ. Prac. Act, § 1547; *Betz* v. *New Jersey Refrigerating Co.*, 231 App. Div. 553; *People ex rel. Wynn* v. *Grifenhagen*, 167 id. 572; *Plimpton* v. *Bigelow*, 93 N. Y. 592; *Simpson* v. *Jersey City Contracting Co.*, 165 id. 193.) There is no merit in the claim that since the receiver's attorney was also attorney for the plaintiff, he was not entitled to a fee. The fact that he was plaintiff's attorney was of no consequence in this respect, since there was no conflicting interest, the interests of the plaintiff and the receiver being identical. The claim that the attorney had exaggerated the extent of his services is not sustained. By his efforts approximately seventy institutions were served with third party orders, the sum of nearly $5,000 was reduced to actual possession, and stocks of the market value of over $62,000, covering seventy different corporations, were tied up. In view of this, we think a fee of $2,500 is reasonable. Cars-

well, Davis, Adel and Taylor, JJ., concur; Young, J., dissents with the following memorandum: I am unable to see how the present decision can be reconciled with our former decision (243 App. Div. 564), so far as the $4,000 payment made by Mackenzie is concerned. It was determined on that appeal that the $4,000 check in question was made to cover back alimony due at the time the order vacating the receivership was made, and should be applied to that purpose. I do not think that it makes any difference whether this check is considered as funds in the hands of the receiver because it was paid to him before the receivership was vacated. It was not, under our decision in the former appeal, part of the general funds in the receiver's hands, but constituted a special fund to be applied to a special purpose. That purpose may not, in my opinion, be changed in order that the receiver and her attorney may devote it in part to the receiver's commissions and the fees of her counsel.