EDWIN R. LA VIN, Respondent, v. RUSSELL C. LA VIN et al., Defendants, and SANFORD HOTEL CORP., Appellant. LOUIS COHEN, as Temporary Receiver for SANFORD HOTEL CORP., Respondent.— In a stockholder's derivative action, instituted by a stockholder of the defendant, Sanford Hotel Corp., that defendant appeals from an order dated July 2, 1952, granting the temporary receiver of the property of the appellant power and authority of a permanent receiver for the purpose of instituting actions against the defendants La Vin, officers and directors of appellant, and against two attorneys and any other persons who may have obtained or received any property of the appellant from the appellant as a result of *ultra vires* acts of its officers and directors; and permitting the temporary receiver to do other acts. Said defendant also appeals from an order granting its motion for reconsideration of the original decision and by which order the original determination was adhered to. Said defendant also appeals from so much of a resettled order as awarded commissions on the settlement of the temporary receiver's first intermediate account. Appeal from order dated July 2, 1952, dismissed, without costs. That order has been superseded by the order on reconsideration which by reference embraces all of its provisions. Order on reconsideration modified on the law and the facts by striking out the ordering paragraph and by adding: " ORDERED that the motion for reconsideration is granted and on reconsideration the first, second and sixth ordering paragraphs of the order of July 2, 1952, shall stand, and the third, fourth and fifth ordering paragraphs thereof shall read: ORDERED that said Receiver be and he hereby is specifically empowered and authorized to continue or institute any actions or special proceedings, in his own name as such Receiver, either in the courts of the State of New York or the courts of the State of Connecticut, or the courts of the United States sitting in Connecticut, or to intervene in any action or actions heretofore instituted on his behalf or in the interest of the Sanford Hotel Corp., against the defendants Angy R. LaVin and Russell Craig LaVin upon the claims made by the plaintiff as minority stockholder of the Sanford Hotel Corp. in the complaint herein or by the Receiver in the complaint, in the United States court sitting in Connecticut, for assets wrongfully received or diverted from said Sanford Hotel Corp.; to intervene in the action brought by the plaintiff against Leo E. Sherman in the Supreme Court, New York County; and it is further ORDERED that said Receiver be and he hereby is authorized to institute any actions or special proceedings either in the courts of the State of New York or in the courts of the State of Connecticut, or in the United States court sitting in Connecticut, against Charles S. Michel on account of any sums received by the said Charles S. Michel from the Sanford Hotel Corp. for alleged services rendered by him, on behalf of the Sanford Hotel Corp., which said sums plaintiff claims were wrongfully diverted from the said corporation by him and by the acts and conduct of the officers and directors of said corporation, namely, Angy R. LaVin and Russell Craig LaVin; and it is further ORDERED that the said Receiver may retain the plaintiff's attorneys herein and Arthur B. Weiss, Esq., of the Connecticut bar, in connection with the pending action in the United States District Court for the District of Connecticut, and this court does hereby ratify the retainer of said attorneys and may retain said Arthur B. Weiss, Esq., as an attorney in any other action or special proceeding in the State of Connecticut, which by the terms hereof the receiver is authorized to institute; and it is further ORDERED that the receiver may

retain the attorneys for the plaintiff or some other attorney in any action or special proceeding instituted or in which the receiver may intervene in the State of New York; and it is further ". And by adding after the last ordering paragraph " and it is further ORDERED that the plaintiff shall furnish a surety company bond in favor of the receiver in the sum of $2,500 for payment by the plaintiff of any expenses of the receiver including any costs which may be assessed against the receiver in any action or special proceeding, with power in the receiver upon rendering his final account to apply for repayment to the plaintiff of such expenses and costs incurred in any action or special proceeding wherein judgment is recovered in behalf of Sanford Hotel Corporation by reason of wrongful acts or omissions on the part of the defendants LaVin as officers or directors of the said corporation." As so modified, the order is affirmed, without costs. Resettled order computing and awarding an interim allowance on account of commissions, insofar as appealed from, modified on the law and the facts by reducing the commissions to $497.60. As so modified the order is affirmed, without costs. If any cause of action exists against persons other than those specified in the foregoing provisions, the receiver should apply for specific authority to sue them. In view of the pendency of the action in New York County against appellant and Sherman, there is no need for an action against him in Connecticut. Respondent La Vin at Special Term stated he was willing to bear the expense of actions or special proceedings instituted or participated in by the receiver. Said respondent has not yet established the causes of action which he has alleged. He should bear the expense and cost of the litigation with the right in the receiver to apply to the court for repayment to said respondent of the expense or costs in any action or special proceeding wherein the receiver is successful. The temporary receiver was appointed pursuant to section 162 of the General Corporation Law. In our opinion, his commissions are governed by section 192 of the General Corporation Law, and not by section 1547 of the Civil Practice Act. (2 White on New York Corporations [12th ed.], p. 687, § 192, par. 1.2.) Section 192 authorizes commissions upon sums received and disbursed. It has been common practice to award one half of the proper commission percentage when moneys are received and one half when they are disbursed. (Cf. *Matter of Ellensohn,* 258 App. Div. 891.) Special Term followed that practice in the award of commissions upon the moneys received and disbursed, but applied the 5% rate prescribed by section 1547 of the Civil Practice Act. The rate of 2½% prescribed by section 192 of the General Corporation Law is not a mandatory rate for an interim allowance but a permissible maximum rate. (*Matter of Smith Co.,* 31 App. Div. 39; cf. Surrogate's Ct. Act, §§ 285, 285-a.) The receiver took no title to the real property. At the time of the order awarding commissions, no relief was sought which called for the conversion of the real property or its transfer to anyone. It is leased and the receiver is entitled to commission on the rents received by him. The right to an allowance based on the value of the real estate should await determination until the final accounting. (Cf. *Phoenix* v. *Livingston,* 101 N. Y. 451; *Moe* v. *McNally Co.,* 138 App. Div. 480, and *Mackenzie* v. *Marine Midland Trust Co. of N. Y.,* 247 App. Div. 750.) The receiver has not been granted power to transfer the real property and it has not been transferred. The cases which have treated assets received and disposed of as moneys for the purpose of calculating commissions under other statutes are not controlling. (*People* v. *Mutual Benefit Associates,* 39 Hun 49.) Whether the receiver may have, in

addition to the 2½% commission on the sums received and disbursed, an allowance on the value of the equity, should await the final accounting. Adel, Acting P. J., Wenzel, MacCrate, Schmidt and Beldock, JJ., concur. [See *post*, p. 984.]