Thereafter, the Court of Appeals reversed the determination in the *Level Export Corp.* case (*supra*), in view of which the respondent in the instant proceeding has moved this court for reargument. Motion for reargument granted. Present — Adel, Acting P. J., Wenzel, MacCrate, Schmidt and Beldock, JJ. On reargument, the decision handed down February 2, 1953, is amended to read as follows: In a proceeding to stay a proposed arbitration, petitioner appeals from an order dismissing the petition and directing that the controversy proceed to arbitration. Order affirmed, with $10 costs and disbursements, on the authority of *Matter of Level Export Corp.* (*Wolz, Aiken & Co.*) (305 N. Y. 82). Wenzel, MacCrate and Schmidt, JJ., concur; Adel, Acting P. J., and Beldock, J., dissent and vote to adhere to the former decision, with the following memorandum: The scant general statement in the contract here that it is subject to certain " Cotton Yarn Rules " is substantially different from the full and explicit statement in the contract in the case recently decided by the Court of Appeals (*Matter of Level Export Corp.* [*Wolz, Aiken & Co.*], 305 N. Y. 82). Such scant general statement in the contract here necessarily presents a question of fact (a) as to whether the buyer, at the time of the making of the contract, had knowledge or is chargeable with knowledge of the provisions of the " Cotton Yarn Rules " and of the fact that they compelled arbitration, and (b) as to whether the buyer had agreed to consent to arbitration.

▪

EDWIN R. LA VIN, Respondent, v. RUSSELL C. LA VIN et al., Defendants, and SANFORD HOTEL CORP., Appellant. LOUIS COHEN, as Temporary Receiver for Sanford Hotel Corp., Respondent.— Motion for leave to appeal to the Court of Appeals denied. Present — Adel, Acting P. J., Wenzel, MacCrate, Schmidt and Beldock, JJ. [See *ante,* p. 888.]

▪

ARCHOLARE REALTY Co., INC., Respondent, v. JOHN J. DANIELS, Appellant.— In a summary proceeding to recover possession of real property, a final order in favor of the landlord was made by the City Court of New Rochelle and was affirmed, on appeal, by the County Court, Westchester County. A judgment of affirmance based on the County Court order and for costs was entered in the office of the clerk of the City Court of New Rochelle. The tenant appeals from the order of the County Court and from the final order and the judgment of affirmance of the City Court. Order of the County Court, Westchester County, unanimously affirmed, with costs. No opinion. Appeal from the final order and the judgment of the City Court of New Rochelle dismissed, without costs. No appeal from such an order and such a judgment lies directly to this court from the City Court of New Rochelle. (L. 1931, ch. 499, § 138.) Present — Carswell, Acting P. J., Adel, Wenzel, MacCrate and Schmidt, JJ.

▪

MAX BERNSTEIN, Respondent, v. MILTON SIEGEL, Defendant, and CITY OF NEW YORK, Appellant.— Plaintiff, who was seventy years of age and receiving social security and unemployment insurance benefits, was standing on the sidewalk when, as a result of a collision between a taxicab and a bus, the taxicab mounted the sidewalk and struck plaintiff. He suffered a fracture of the tibia near the ankle and other injuries, which were minor. The fracture has healed well, although full use of the ankle is reduced permanently. After trial, the jury returned a verdict of $10,000 in favor of plaintiff and against both