◼ In the Matter of the DISSOLUTION OF F. G. A. CONCRETE CONSTRUCTION CORP. NATHAN CANTER, as Receiver, Respondent; FRANK FARINACCI, Appellant. — In a proceeding for the dissolution of F. G. A. Concrete Construction Corp., Frank Farinacci, one of the two equal stockholders of the dissolved corporation, appeals from so much of an order of the Supreme Court, Nassau County, entered October 30, 1964, confirming an intermediate accounting by the receiver; as fixed the receiver's commissions at $4,500, and the fees of the attorneys for the receiver at $20,000. Order modified on the law and the facts: (1) by striking from its second decretal paragraph (receiver's commissions) the words and figures "Four Thousand Five Hundred ($4500) Dollars"; (2) by substituting therefor a sum to be computed pursuant to former section 191 of the General Corporation Law (now Business Corporation Law, § 1217); (3) by striking from its third decretal paragraph (counsel fees) the words and figures "Twenty Thousand ($20,000)"; and (4) by substituting therefor the words and figure "Ten Thousand ($10,000)." As so modified, order, insofar as appealed from, affirmed, without costs, and proceeding remitted to the court below for modification of the order in accordance herewith. In our opinion, the receiver's commissions should have been computed under the above-cited section and not under the former section 1547 of the Civil Practice Act (now CPLR 8004). (See *La Vin* v. *La Vin,* 281 App. Div. 888, mot. for lv. to app. den. 281 App. Div. 984.) In our opinion, the sum of $10,000 is an ample award for the legal services rendered in view of the fact that the matter was settled prior to the service of an answer by the sole debtor and involved merely the collection of the facts, negotiations, and final settlement of one account after the service of a summons and complaint and before the service of an answer. Moreover, the fees of a receiver's attorneys are measured by the fair and reasonable value of the services rendered, after considering the elements of the well-known rule stated in *Matter of Potts* (213 App. Div. 59, affd. 241 N. Y. 593) and not by suggested

fee recommendations by Bar Associations or Commercial Law Leagues, or by attorneys specializing in collection matters. Beldock, P. J., Christ, Hill, Rabin and Benjamin, JJ., concur.