Laffey v Laffey (2019 NY Slip Op 05520)





Laffey v Laffey


2019 NY Slip Op 05520


Decided on July 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
ROBERT J. MILLER, JJ.


2015-12527
2016-05183
2016-07370
 (Index Nos. 7703/12, 13360/12, 15523/12)

[*1]Mark Laffey, et al., respondents, et al., plaintiffs,
v
Emmett Laffey, et al., defendants; James D. Leonard, et al., nonparty-appellants. (Action No. 1)
Mark Laffey, et al., respondents, et al., plaintiffs,
v
Emmett Laffey, et al., defendants; James D. Leonard, et al., nonparty-appellants. (Action No. 2)
Emmett Laffey, plaintiff, Philip Laffey, et al., respondents;
v
James D. Leonard, et al., nonparty-appellants. (Action No. 3)


Rosenberg Calica & Birney, LLP, Garden City, NY (Lesley A. Reardon and Ronald J. Rosenberg, pro se, of counsel), nonparty-appellants pro se, and for nonparty-appellant James D. Leonard.
Harris Beach PLLC (Port & Sava, Lynbrook, NY [George S. Sava], of counsel), for respondents.



DECISION & ORDER
In three related actions, inter alia, for declaratory and injunctive relief and to recover damages for breach of fiduciary duty, which were joined for trial, nonparties James D. Leonard, Rosenberg Calica & Birney, LLP, and Ronald J. Rosenberg appeal from (1) an order of the Supreme Court, Nassau County (Timothy S. Driscoll, J.), dated October 21, 2015, (2) an order of the same court dated March 29, 2016, and (3) a supplemental order of the same court dated May 31, 2016. The order dated October 21, 2015, insofar as appealed from, granted the motion of James D. Leonard, Rosenberg Calica & Birney, LLP, and Ronald J. Rosenberg to confirm a referee's report dated June 17, 2015, only to the extent of awarding James D. Leonard commissions calculated based on the reasonable time he spent on the matter and awarding Rosenberg Calica & Birney, LLP, and Ronald J. Rosenberg total attorneys' fees in the sum of only $623,698.50, and granted the cross motion of Mark Laffey and Philip Laffey, plaintiffs in Action Nos. 1 and 2 and defendants in Action No. 3, and U.S. 1 Laffey Real Estate Corp., doing business as Laffey Fine Homes, a plaintiff in Action Nos. 1 and 2, to reject the referee's report to the extent of rejecting, as excessive, the referee's recommendation to award James D. Leonard commissions calculated at the maximum statutory rate and awarding Rosenberg Calica & Birney, LLP, and Ronald J. Rosenberg total attorneys' fees in the sum of $623,698.50. The order dated March 29, 2016, insofar as appealed from, denied those branches of the motion of James D. Leonard, Rosenberg Calica & Birney, LLP, and Ronald J. [*2]Rosenberg which were for leave to reargue and renew with respect to so much of the order dated October 21, 2015, as concerned Rosenberg Calica & Birney, LLP, and Ronald J. Rosenberg, and, upon granting that branch of the motion which was for leave to reargue with respect to so much of the order dated October 21, 2015, as concerned James D. Leonard, adhered to the prior determination. The supplemental order dated May 31, 2016, upon the order dated March 29, 2016, and upon James D. Leonard's further submission, made under protest, awarded James D. Leonard total commissions in the sum of only $519,108.50, plus disbursements.
ORDERED that the appeal from so much of the order dated October 21, 2015, as granted the motion of James D. Leonard, Rosenberg Calica & Birney, LLP, and Ronald J. Rosenberg to confirm the referee's report dated June 17, 2015, only to the extent of awarding James D. Leonard commissions calculated based on the reasonable time he spent on the matter, and granted the cross motion of Mark Laffey, Philip Laffey, and U.S. 1 Laffey Real Estate Corp., doing business as Laffey Fine Homes, to reject the referee's report to the extent of rejecting, as excessive, the referee's recommendation to award James D. Leonard commissions calculated at the maximum statutory rate is dismissed, as that portion of the order was superseded by the order dated March 29, 2016, made upon reargument; and it is further,
ORDERED that the appeal from so much of the order dated March 29, 2016, as denied that branch of the motion of James D. Leonard, Rosenberg Calica & Birney, LLP, and Ronald J. Rosenberg which was for leave to reargue with respect to so much of the order dated October 21, 2015, as concerned Rosenberg Calica & Birney, LLP, and Ronald J. Rosenberg is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the appeal by Rosenberg Calica & Birney, LLP, and Ronald J. Rosenberg from the supplemental order dated May 31, 2016, is dismissed, as those nonparties are not aggrieved by that order (see CPLR 5511); and it is further,
ORDERED that the orders dated October 21, 2015, and March 29, 2016, are affirmed insofar as reviewed; and it is further,
ORDERED that the supplemental order dated May 31, 2016, is affirmed on the appeal by James D. Leonard; and it is further,
ORDERED that one bill of costs is awarded to the respondents.
Mark Laffey, Philip Laffey, and Emmett Laffey are brothers, as well as the principals of the residential real estate business operating under the name of Laffey Fine Homes. Each brother also owns individual real estate businesses, often competing directly with Laffey Fine Homes or the brothers' individually owned businesses. Beginning in approximately 2007, irreconcilable conflicts arose among the brothers, resulting in protracted and often acrimonious litigation, including the instant three actions, which were joined for trial.
On January 30, 2013, the Supreme Court appointed James D. Leonard (hereinafter the receiver) to act as temporary receiver to oversee the business and property of U.S. 1 Laffey Real Estate Corp., doing business as Laffey Fine Homes (hereinafter LFH), Laffey Associates, LLC, eRealty Title Agency Corp., and 55 Northern Blvd., LLC. On March 14, 2013, the court allowed the receiver to retain Ronald J. Rosenberg and the law firm of Rosenberg Calica & Birney, LLP (hereinafter RCB), as counsel to the receiver. Subsequently, on February 6, 2015, the matter of the receiver's commissions, as well as the attorneys' fees of Rosenberg and RCB, was referred to a Special Referee to hear and report. After a two-day hearing, the Special Referee recommended that the receiver be awarded total commissions in the sum of $1,841,164 pursuant to CPLR 8004, and that Rosenberg and RCB be awarded 90% of the attorneys' fees they submitted.
The receiver, Rosenberg, and RCB then moved to confirm the referee's report. Mark Laffey, Philip Laffey, and LFH opposed the motion and cross-moved to reject the referee's report. In an order dated October 21, 2015, the Supreme Court, which had previously reviewed, inter alia, the receiver's time records through October 31, 2014, rejected, as excessive, the Special Referee's recommendation to award the receiver commissions calculated at the maximum statutory rate of 5% [*3]of the sums received and disbursed by him during the receivership (see CPLR 8004[a]). Instead, the court directed the receiver to submit updated time records, which would then be used as the basis for calculating the percentage of his commission pursuant to CPLR 8004. The court also reduced RCB and Rosenberg's attorneys' fees from the sum of $607,498.37 recommended by the receiver to the sum of $492,150.85, calculated by awarding RCB and Rosenberg total attorneys' fees in the sum of $623,698.50, plus disbursements, and deducting therefrom attorneys' fees awarded to them pursuant to prior decisions.
The receiver, as well as RCB and Rosenberg, moved for leave to reargue and renew with respect to the order dated October 21, 2015. The court, in an order dated March 29, 2016, denied those branches of the motion which concerned RCB and Rosenberg and, upon granting that branch of the motion which was for leave to reargue with respect to so much of the prior order as concerned the receiver, adhered to its prior determination. The receiver, under protest, subsequently submitted updated time records, and the court, in a supplemental order dated May 31, 2016, awarded the receiver total commissions in the sum of $519,108.50, plus disbursements.
As a threshold matter, it is not disputed that the receiver was appointed pursuant to CPLR article 64 and, pursuant to a prior order of the Supreme Court dated July 18, 2013, the commission of the receiver should be determined pursuant to CPLR 8004. Specifically, CPLR 8004 provides that a receiver "is entitled to such commissions, not exceeding five per cent upon the sums received and disbursed by him, as the court by which he is appointed allows." In other words, "a Receiver is not entitled as a matter of right to the maximum 5%, the court having discretion to fix a lesser commission as the facts and circumstances of any particular case indicate" (Weckstein v Breitbart , 154 AD2d 305, 305; see Hirsch v Peeskill Ranch , 100 AD2d 863).
Here, the receiver submitted evidence that the sums received by him during his administration were $37,284,690, and the amounts disbursed by him during the same period were $36,361,899. The receiver requested a total commission of $1,841,164, calculated as 5% of the average of the sums received and amounts disbursed. Instead, the Supreme Court awarded him a total commission of $519,108.50, which amounts to approximately 1.4% of the average of the sums received and amounts disbursed.
In fixing the appropriate amount of compensation, the court should take into account, inter alia, the value and size of the assets under administration, the quantity, nature and complexity of the services rendered by the receiver, and the overall reasonableness of the ultimate dollar amount arrived at by applying the formula set out in CPLR 8004 (see Weckstein v Breitbart , 154 AD2d at 307; see also New York State Mtge. Loan Enforcement & Admin. Corp. v Milbank Site One Houses , 151 AD2d 424, 426).
Contrary to the receiver's contention, it was not error for the Supreme Court to request updated time records before establishing the final amount of the receiver's commission, as the amount of time spent by the receiver in discharging his duties constitutes one relevant consideration, among many others, in determining the reasonable value of his services. Taking into account the totality of the evidence presented before the Special Referee, the Supreme Court providently exercised its discretion in fixing the receiver's total commission at $519,108.50, or approximately 1.4% of the average of the sums received and amounts disbursed (see CPLR 8004[a]).
Similarly, "the fees of a receiver's attorneys are measured by the fair and reasonable value of the services rendered" (Matter of F. G. A. Concrete Constr. Corp. [Canter—Farinacci] , 26 AD2d 639). This, in turn, requires consideration of the following factors: "[the] time and labor required, the difficulty of the questions involved, and the skill required to handle the problems presented; the lawyer's experience, ability and reputation; the amount involved and benefit resulting to the client from the services; the customary fee charged by the Bar for similar services; the contingency or certainty of compensation; the results obtained; and the responsibility involved" (Matter of Freeman , 34 NY2d 1, 9).
Applying these factors, we find that the Supreme Court providently exercised its discretion in assessing the fair and reasonable value of the legal services provided by RCB and Rosenberg at $623,698.50, and we discern no reason, under the facts presented, to increase that [*4]amount (see Matter of F. G. A. Concrete Constr. Corp. [Canter—Farinacci] , 26 AD2d at 639-640).
The remaining contentions of the receiver, RCB, and Rosenberg are without merit.
SCHEINKMAN, P.J., CHAMBERS, COHEN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court