Central Hanover Bank and Trust Company, as Trustee for the Benefit of the Holders of the Certificates Issued under a Certain Agreement Made by 14 West Seventy-second Street Corporation, Appellant, v. Howard V. Williams and Others, Respondents.

Max Herbst, as Receiver, Respondent.

First Department, May 31, 1935.

*Kenneth F. Simpson* of counsel [*Francis D. Higson* with him on the brief; *Jones, Clark & Higson,* attorneys], for the appellant.

*Joseph Lorenz* of counsel [*John F. X. Finn* with him on the brief; *Lorenz & Lorenz,* attorneys], for the respondent.

PER CURIAM: Section 1547 of the Civil Practice Act does not entitle a receiver of rents to five per cent of sums received and disbursed by him as a matter of right, but only to such commissions "not exceeding five per centum" as the court in the exercise of its judgment may allow. Taking into consideration the magnitude of the operation involved here, the fact that the receiver delegated so many of his duties in accordance with the authority contained in the order of appointment and also the disastrous situation of the bondholders, we are of the opinion that a commission of two and one-half per cent instead of five per cent would have been sufficient compensation. However, on various occasions there have been made *ad interim* allowances to the receiver exceeding this percentage upon notice to all interested parties, and with their express consent or without opposition on their part. For that reason we do not feel justified in requiring the receiver to refund the sums previously allowed, and consider that substantial justice will be done by permitting the receiver to retain these sums and denying his motion for further compensation to May 31, 1934, the date as of which his intermediate account was settled and allowed.

We are further of opinion that the sum of $25,000, as consented to by the plaintiff, is sufficient compensation for the services rendered by the attorneys for the receiver.

The order should be modified by denying the receiver's motion for compensation in addition to compensation previously received and by reducing the total allowance to the receiver's attorneys to the sum of $25,000, and as so modified affirmed, without costs.

Present — MARTIN, P. J., MERRELL, McAVOY, O'MALLEY and UNTERMYER, JJ.

Order modified by denying the receiver's motion for compensation in addition to compensation previously received and by reducing the total allowance to the receiver's attorneys to the sum of $25,000, and as so modified affirmed, without costs.