Harold Tessler, J.
Application by the Receiver in this mortgage foreclosure proceeding for an order (1) settling his account, (2) fixing his statutory commissions, (3) fixing respective allowances for services rendered by the attorney, accountant and managing agent hired by him, (4) discharging him, and (5) disposing of the balance of the funds in his possession.
Detailed and itemized statements of the services rendered by the Receiver and the others are submitted. They indicate extremely diligent and capable services rendered for the preservation and maintenance of this combined commercial and multiple dwelling property during the period of the receivership — March 26, 1965 through June 30, 1965.
There are no objections to the Receiver’s account as filed. Plaintiff’s attorney requests that “ in view of the deficiency of almost $3,000,000 any moneys remaining in the hands of the receiver, after his accounts have been settled, should be turned over to the plaintiff, the party who is entitled to said moneys, ’ ’ together with an assignment of certain “ accounts receivable in connection with utility deposits, apartment rentals and premium refunds on unexpired portion of bond.”
The Receiver’s account indicates a gross amount received by him of $140,463.49. However, $30,184 of this consisted of trust funds (tenants’ security deposits), and $755 were moneys received and returned as rental deposits for apartments. These total $30,939, leaving $109,524.49, which sum is to be considered as the actual receipts for the purposes of this application and the fixing of the Receiver’s commissions.
Out of the afore-mentioned receipts, the account and supporting schedules show that the total sum disbursed by the Receiver was $84,036.24, leaving an existing balance of $25,488.25 now on deposit in the regular operating checking account.
The Receiver requests commissions of 5% on the total receipts and 5% on the total disbursed by him. CPLR 8004 (subd. [a]) provides that a Receiver is entitled to commissions “ not exceeding five per cent upon the sums received and disbursed by him, as the court by which he is appointed allows ”. (The predecessor statute [¡Civ. Prac. Act, § 1547] contained the identical language as did section 3320 of the Code of Civil Procedure.) As sole authority for this “ double allowance ” the Receiver cited *232 the case of Sunrise Fed. Sav. & Loan Assn. v. West Park Ave. Corp. (47 Misc 2d 940, 942) where the court, at Special Term, characterized the objectants’ opposition as follows:“ Their contention that the Receiver is seeking double payment is forensic myopia. Receiving and paying out are different functions, each requiring separate applications.”
In view of the long-established rule to the contrary, I cannot agree with the conclusions set forth and the determination in that ease. As far as I can find, the courts, both at Special Term and in the Appellate Division, have always construed the provision and the language of the statute to mean a maximum of 5% of the total receipts — it being the intent and contemplation of the statute to use the conjunctive phrase “ sums received and disbursed ” by him to be the total sum “ passing through the Receiver’s hands ”, (City Bank Farmers Trust Co. v. Emlu Eng. Constr. Corp., 254 App. Div. 773 [2d Dept.]; Wagner v. White, 233 N. Y. S. 480, see court’s memorandum decision and affidavit of Receiver; Bowery Sav. Bank v. 566 Amsterdam Ave. Corp., 32 Misc 2d 459; Moe v. McNally Co., 138 App. Div. 480.)
Despite the fact that no formal objections are filed to the Receiver’s request, I am constrained to follow the mandate of the statute and the decisional law thereon. (Rinaud v. Nome Shares Corp., 115 N. Y. 8. 2d 425.)
The Receiver is allowed commissions in the sum of $5,476.22 plus $66 requested by him for his expenses.
The attorney for the Receiver is allowed $1,000, the certified public accountant $2,000 and the managing agent $750.
After paying the above allowances, totaling $9,292.22, the Receiver is directed to pay the following: $110 to Armor Elevator Co. for maintenance services for June, 1965; $12 to Excello Electrical Construction and Maintenance Co. for services rendered on March 12, 1965; $40 to Coin-O-Matic for services rendered prior to its bill of July 12, 1965; $10.88 to New York Telephone Co. for services rendered through June 30, 1965; $26.70 to Consolidated Edison Co. of New York, Inc., for services rendered through June 30,1965.
After payment of all of the above-mentioned sums, the Receiver is directed to pay the balance remaining on deposit in his regular operating account, namely, $15,996.45 to the plaintiff.
Out of the total moneys on deposit in the special checking account for tenants’ security deposits in the present sum of $28,607, the Receiver is directed to pay the sum of $1,040 to the plaintiff, the New York Bank for Savings, which sum represents rent due and owing for apartments 1M and IN, together with garage and parking space rentals for occupancy during *233 the period of receivership, specifically for the months of April, May and June, 1965.
After making the above-described payment, the Receiver is directed to assign and transfer to the Federal Housing Administration, the present title holder of the premises, all of his right, title and interest in and to the moneys remaining in the special security checking account in the sum of $27,567.
The Receiver is directed to assign and transfer to the plaintiff all of his right, title and interest to the balance of the moneys due and owing to him from the Consolidated Edison Co. of New York in the specific sum of $906.37, the latter sum representing the balance due to the Receiver as a refund of the security deposit in the original sum of $1,000, deduction being made in the sum of $93.63 in payment of services rendered at the premises for the period June 24, thru June 30,1965.
In addition, the Receiver is directed to assign and transfer to the plaintiff all of his right, title and interest to the refund, if any, of the unearned premium on the Receiver’s bond.
In all other respects, the Receiver’s account is approved and the Receiver and the surety on his undertaking are hereby discharged and the said undertaking is hereby cancelled.