# (April 18, 1972)

■ HONEY MANN, Appellant, v. COMPANIA PETROLERA TRANS-CUBA, S. A., et al., Defendants. LEOPOLDO O. AGUILERA et al., Appellants, and SAMUEL C. COLEMAN, as Referee, et al., Respondents.— Order, Supreme Court, New York County, entered on May 1, 1969, herein appealed from, unanimously modified, on the law, the facts and in the exercise of discretion, as hereinafter indicated, and as so modified is otherwise affirmed, without costs and without disbursements. The first ordering paragraph is modified to strike the amount of $19,500 (words and figures) and insert instead the figure of $3,000. The reasoning and recommendation of the Referee are adopted with respect to this allowance. The third ordering paragraph is modified to strike, in words and figures, the amount of $65,000, and to insert therein the amount, in words and figures, of $42,500. In our opinion, without minimizing the extensive and excellent work of the Referee, we believe $42,500 is fair and adequate compensation. The fourth ordering paragraph is modified by striking therefrom, in words and figures, the amount presently allowed to the Receiver, and the fees allowed counsel to the Receiver, and to provide instead, there shall be allowed Nicholas H. Pinto the sum of $65,000 minus $10,000 heretofore granted and paid to him, and to Edward V. Loughlin the sum of $20,000 for services. The fee of the Receiver, Peter L. F. Sabbatino, for the services described in such paragraph, is hereby fixed at the total sum of $70,000 minus $35,000 heretofore paid him as an interim allowance. The sole asset was a substantial bank account and the work involved, though voluminous and perhaps tedious, consisted in the main of passing upon and evaluating the claims of stockholders. The amounts fixed as compensation are fair and adequate. We adopt in large measure the reasoning set forth by the Referee. The fifth ordering paragraph is modified by striking therefrom the figure of $12,500 and inserting instead the figure $7,500. The work of the copermanent Receiver was largely duplicative, and his status was created after the greater and more important portion of the work was done. The sixth ordering paragraph is modified by striking therefrom the amount, words and figures, $20,000, and inserting in place thereof the figure of $12,500. The reasoning set forth in the Referee's report, which we here adopt, adequately explains why the change is made. The sum fixed is in addition to sums previously allowed and the total figure is ample compensation for the work performed. We take note of the careful consideration afforded the respective claims by the Referee and, except for the slight variation indicated, the reasons set forth by him fully support the recommendations as made. We adopt also the recommenda-

tion of the Referee that the fees allowed be for all services, past, present and future. As modified herein, the order is otherwise affirmed, without costs and without disbursements. Concur — Stevens, P. J., McGivern, Markewich, Steuer and Capozzoli, JJ.