■ THELMA W. DUBINER, Appellant, v. MELVIN GOLDMAN et al., as Trustees under a Trust, dated January 15, 1965, et al., Respondents, et al., Defendants. JOHN W. RUGER et al., Appellants; WILLIAM F. HARRINGTON, Temporary Receiver, Respondent.— In an action to annul an inter vivos trust created by plaintiff, plaintiff appeals from so much of an order of the Supreme Court, Westchester County, dated March 6, 1972, as awarded the former temporary receiver, John W. Ruger, $15,762 as his commissions and awarded his attorney, Robert G. Hayduk, $12,500 as his fee. Order modified, on the law and the facts and in the exercise of discretion, by reducing Ruger's award to $7,881

and Hayduk's award to $8,000. As so modified, order affirmed insofar as appealed from, without costs. On June 22, 1972, Ruger was appointed temporary receiver to act only with respect to the corporate asset constituting part of the corpus of the trust in question. The corporation is Wagner Realty Inc., which owns and operates an office building. On October 26, 1972, Ruger applied at Special Term for leave to resign as temporary receiver because his duties as such conflicted with his obligations as a full-time employee of General Motors Acceptance Corporation. That application was granted and Ruger was directed to file an account of his proceedings. He filed such an account, asked for the fixation of his commissions and the payment to his attorney, Hayduk, of counsel fees for services rendered on his behalf. CPLR 8004 (subd. [a]), referred to by the Special Term as the governing statute for computation of Ruger's commissions, provides that absent statute to the contrary a receiver may be allowed as commissions a sum not exceeding 5% of all sums received and disbursed by him. The court in its discretion may, where the facts so warrant, fix a lesser percentage as commissions (cf. *Central Hanover Bank & Trust Co.*, v. *Williams*, 244 App. Div. 566, 567; *Cornell Assoc.* v. *Euston Props. Corp.*, 50 Misc 2d 813, 815). Because of Ruger's above-mentioned conflict of interest, he was required to resign and by reason thereof he has imposed upon the receivership additional legal expense. Further, it appears from his attorney's affirmation on reargument, more particularly the "case capsule" diary appended to it, that many services which Ruger should have performed, as receiver, were performed by his attorney. In the circumstances, in our opinion 2½% of the money he received and paid out would be proper commission (cf. *Central Hanover Bank & Trust Co.* v. *Williams, supra*, p. 567). Moreover, we note that commissions payable to a receiver of a corporation for sums received and disbursed may not exceed 2½% thereof (*La Vin* v. *La Vin*, 281 App. Div. 888, 889; General Corporation Law, § 192; 2 White, New York Corporations [12th ed.], p. 687). In view of our determination, we do not reach the question of whether section 192 of the General Corporation Law is applicable. The motion made in the brief of Ruger and Hayduk, as respondents, to dismiss plaintiff's appeal is denied. Munder, Acting P. J., Latham, Shapiro, Gulotta and Benjamin, JJ., concur.