■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ABBOTT MANOR NURSING HOME et al., Respondents.—Order unanimously modified, on the law, to reduce the coreceivers' allowance to $74,910.40, and, as modified, affirmed, without costs. Memorandum: In a previous judicial proceeding it has been determined as law of the case that the appointment of coreceivers Galluch and Skokowski was properly made by Supreme Court pursuant to Public Health Law § 2810 *(see, People v Abbott Manor Nursing Home,* 70 AD2d 434, 438, 439, *affd* 52 NY2d 766); the State is therefore precluded from relitigating that issue *(see, Martin v City of Cohoes,* 37 NY2d 162, 165). Another related proceeding resulted in determinations that the receivership was imposed by the court as a remedial device "to respond to the State's insistence that the Abbott Manor Nursing Home remain operative" and "as the means to force the continued operation" of the home and that such imposition of the receivership constituted a temporary taking by the State *(Birnbaum v State of New York,* 99 AD2d 652 [unanimously affg order and judgment of Court of Claims for reasons stated in mem thereat], *lv dismissed* 63 NY2d 675). The application of the doctrine of collateral estoppel precludes relitigation of those issues *(see, Schwartz v Public Administrator of County of Bronx,* 24 NY2d 65, 72). Accordingly, we

affirm the determinations implicit in the order of Supreme Court and the summary judgment of the Court of Claims that the State is the party responsible for the appointment of the coreceivers and the party liable for the payment of their commissions and the fees of the attorney for the receivership. We find, however, that Supreme Court erred in allowing commissions under CPLR 8004 in an amount equal to the aggregate of 5% of the sums received and 5% of the sums disbursed. We reduce the amount to 5% of the total receipts or $74,910.40 *(see, City of New York v Big Six Towers,* 59 Misc 2d 839, 842, *affd* 33 AD2d 658; *Cornell Assoc. v Euston Props. Corp.,* 50 Misc 2d 813, 815; *New York Bank for Sav. v Jamaica Towers W. Assoc.,* 49 Misc 2d 230, 232; *Bowery Sav. Bank v 566 Amsterdam Ave. Corp.,* 32 Misc 2d 459, 460). Even if we were to apply the contrary rule adopted by Supreme Court *(see, Sunrise Fed. Sav. & Loan Assn. v West Park Ave. Corp.,* 47 Misc 2d 940) we would, in the exercise of our discretion, reduce the commissions to the above amount, considering that the coreceivers are being compensated by the payment of their salaries and that a large percentage of the receipts of the nursing home are Medicaid payments made by the State. We find no reason to disturb the amount fixed for attorney's fees. (Appeal from order of Supreme Court, Erie County, Kasler, J.—receiver's commissions, attorney's fees.) Present—Hancock, Jr., J. P., Callahan, Denman, O'Donnell and Pine, JJ.