■ MEYER WECKSTEIN, Respondent-Appellant, v SHELDON L. BREITBART et al., Appellants-Respondents, and 2 PARK AVENUE

---

* We note, with respect to the other tenants, that plaintiff has not moved for class certification.

Associates et al., Respondents.—Order, Supreme Court, New York County (Francis N. Pecora, J.), entered December 7, 1987, which awarded the receiver, John Bower, interim statutory commissions in the amount of $7,700,000 and disbursements in the amount of $14,359.02, unanimously reversed, on the law, and the matter remanded to the Supreme Court for further proceedings in accordance with this memorandum, without costs.

At issue in this appeal is the reasonableness of the statutory commission fees awarded to the receiver of the defendant partnerships who had been appointed at an earlier stage of this derivative action brought by a limited partner because of unscrupulous practices of the general partners in breaching their duties to the partnerships and converting partnership funds. After trial, a judgment was entered assessing damages against the general partners and directing their removal from any position of fiduciary responsibility. The partnerships owned the leasehold and fee of an office building at 2 Park Avenue. In accordance with the specific authorization of the court orders appointing him, the receiver assumed the responsibility for managing the building and then arranged for the sale of the property in December 1986 for $151,500,100 and distributed the proceeds to the limited partners. In total, during the relevant periods, the receiver received funds aggregating over $177 million and disbursed funds aggregating over $154 million.

On the receiver's instant application for commissions pursuant to CPLR 8004 (a), the trial court awarded $7,700,000, apparently representing the maximum amount allowed under the statute, 5% of the sums received and disbursed. The trial court issued this award in a one-sentence decision which made no reference to the factors considered in making the determination. In this posture, there is no basis for assessing the propriety of the trial court's exercise of its discretion in granting the maximum award.

CPLR 8004 (a) provides that "[a] receiver, except where otherwise prescribed by statute, is entitled to such commissions, not exceeding five percent upon the sums received and disbursed by him, as the court by which he is appointed allows". The statute therefore confers on the court the discretion to fix receiver's commissions in an amount determined in the exercise of its judgment, and the 5% figure payable under the statute represents only the *maximum* amount which may be paid. A receiver is not entitled as a matter of right to the maximum 5%, and the court in its discretion may fix a lesser

commission as the facts and circumstances of any particular case indicate. *(See, Dubiner v Goldman,* 42 AD2d 843; *City of New York v Big Six Towers,* 59 Misc 2d 839; *Cornell Assocs. v Euston Props. Corp.,* 50 Misc 2d 813.)

The maximum fee may well be justified here in light of the nature and high quality of the services provided by the receiver in managing the complex business affairs of the partnership and arranging the sale of the property on short notice at a price $16 million higher than any previous offer. The receiver arranged the sale without the services of a broker, saving the parties the substantial brokerage fee, and closed the transaction before the end of 1986 to enable the partnership to take advantage of the impending changes in the tax laws. However, on this sparse record we cannot ascertain whether these, and/or other factors, were considered by the trial court in arriving at the fee, nor whether that court considered the contentions of the other parties against awarding the maximum fee. Accordingly, we vacate the award and remand the matter to the trial court for further proceedings. Concur—Sandler, J. P., Ross, Kassal and Ellerin, JJ.