■ NEW YORK STATE MORTGAGE LOAN ENFORCEMENT AND ADMINISTRATION CORPORATION et al., Plaintiffs, v MILBANK SITE ONE HOUSES, INC., Defendant, and BARBARA SKINNER, Individually and as President of Canaan House Tenants Association, et al., Appellants. SHERWOOD A. SALVAN, as Receiver, Respondent.—Order of the Supreme Court, New York County (Harold Baer, Jr., J.), entered May 25, 1988, which granted receiver Sherwood A. Salvan an interim allowance of 3% of sums received and disbursed, from the date of his appointment to April 15, 1988, and an order of the same court, entered on or about September 7, 1988, which denied the tenants' motion to resettle the prior order, unanimously affirmed, without costs.

Respondent Sherwood A. Salvan was appointed the receiver of the premises known as Canaan House, a 21-story, 146-unit Mitchell-Lama apartment building located at 8 West 118th Street in the Borough of Manhattan, which is the subject of a foreclosure action. Appellants are tenants of the building and were named as necessary defendants pursuant to RPAPL 1311

(1). The tenants object to the payment of an interim allowance to respondent pursuant to CPLR 8004 (a), contending that: (1) the allowance, as specified in the order entered May 25, 1988, exceeds the 5% maximum imposed by CPLR 8004; and (2) in any event, the award of a 3% interim allowance is excessive in view of the services rendered by respondent.

The first dispute arises out of a misunderstanding as to the meaning to be ascribed to the provision for payment to a receiver of commissions "not exceeding five percent upon the sums received and disbursed by him" (CPLR 8004 [a]). The report of the receiver's operations for the period in issue computes commissions due as 3% of funds collected plus 3% of funds disbursed. The tenants argue that the interim commission should be calculated as 3% of amounts received. In point of fact, neither view is correct.

The statutory language contemplates that the commission paid to a receiver will be a maximum of 5% of the amount which has been both collected *and* disbursed by him. That is, a commission is due upon the total amount which passes through the receiver's hands *(New York Bank for Sav. v Jamaica Towers W. Assocs.,* 49 Misc 2d 230). A double commission, such as requested here, is not recoverable *(People v Abbott Manor Nursing Home,* 112 AD2d 40), and the case to the contrary relied upon by respondent, *Sunrise Fed. Sav. & Loan Assn. v West Park Ave. Corp.* (47 Misc 2d 940), is in error. In a simple case, the amount received and the amount disbursed will be the same *(City of New York v Big Six Towers,* 59 Misc 2d 839). Where it is not, a commission is payable as a percentage of what the court "decided was the value of the assets which came into the hands of the receivers, and which were disbursed or transferred by them" *(Betz v New Jersey Refrig. Co.,* 231 App Div 553, 558).

In the matter under review, the receiver reported collecting $1,395,524 and paying out $1,193,606. Pursuant to the statutory scheme, the commission payable is a percentage, not exceeding 5%, of the amount which the court determines to have been received and disbursed, viz., the lesser of the amount found to have been collected and the amount found to have been disbursed *(Weckstein v Breitbart,* 141 AD2d 347). The order entered May 25, 1988 provides that the receiver "is entitled to be presently paid 3% of the sums received and disbursed" from the date of appointment through April 15, 1988. The order entered September 7, 1988, denying the tenants' motion to resettle the prior order, directs the appointment of a Referee to hear and report as to whether certain

governmental subsidy funds, escrow funds and security deposits are includable in calculating the interim award. The orders are entirely proper. This appeal results from the different interpretations placed upon those orders by the parties.

The tenants' contention that an interim commission payment in the amount of 3% is excessive is without merit. The percentage allowance is within statutory limits (CPLR 8004 [a]) and cannot be regarded as excessive as a matter of law. The amount payable as an interim commission has yet to be determined, and an appeal at this juncture is premature. Finally, the payment of interim compensation is an established practice (see, e.g., Weckstein v Breitbart, supra; Jordan v Freeman, 40 AD2d 656; Central Hanover Bank & Trust Co. v Williams, 244 App Div 566), and the amount of such payment is entrusted to the sound discretion of the IAS court. However, when a final commission is fixed, the receiver will be required to render a full accounting and document his services in adequate detail or be subject to a reduction in his commission upon appellate review (Mann v Compania Petrolera Trans-Cuba, 39 AD2d 530; Central Hanover Bank & Trust Co. v Williams, supra; see also, Jordan v Freeman, supra).

The receiver's contention that the tenants lack standing to bring this appeal was previously raised in the context of a motion to dismiss the appeal and found to be without merit. Concur—Murphy, P. J., Ross, Kassal, Rosenberger and Rubin, JJ.