OPINION OF THE COURT
Sidney Leviss, J.
This is an unopposed application by the receiver in this case (1) for approval of a second interim account, (2) for payment of his fees and the recalculation of his fees on the first interim account and (3) for approval to pay the fees of the accountant and himself without prior court approval.
The court has reviewed the second interim account and finding no objection thereto, approves that account.
*684 On the question of the calculation of the receiver’s fees, he asks the court to reexamine its earlier ruling. CPLR 8004 (a) provides that: "A receiver * * * is entitled to such commissions, not exceeding five percent upon the sums received and disbursed by him, as the court * * * allows.” Unquestionably, the statute mandates a maximum but not a minimum. (See, Weckstein v Breitbart, 141 AD2d 347.) The question here involves the meaning of the term, "received and disbursed”. Unquestionably, the term does not allow 5% of the receipts and another 5% of the disbursements. This conclusion has long been applied in this county. (New York Bank for Sav. v Jamaica Towers W. Assocs., 49 Misc 2d 230.) But, must funds be both received and disbursed for the Referee to be entitled to a fee?
The Appellate Division, Fourth Department, in People v Abbott Manor Nursing Home (112 AD2d 40, 41) held that a receiver was entitled to fees of 5% "of the total receipts”. The Appellate Division, First Department, in New York State Mtge. Loan Enforcement & Admin. Corp. v Milbank Site One Houses (151 AD2d 424, 425) held that the commission should be no more than 5% of "the lesser of the amount found to have been collected and the amount found to have been disbursed”. This court, on the first interim accounting, chose the latter approach and thus answered its question in the affirmative.
Upon reconsideration, this court finds the logic of the First Department, in part, more persuasive. Under this approach, some meaning must be given to the conjunctive phrase "received and disbursed”. (New York State Mtge. Loan Enforcement & Admin. Corp. v Milbank Site One Houses, supra, at 425.) The court does not believe that the lesser of receipts and disbursements is the only calculation to give meaning to the conjunctive phrase.
The receiver suggests that the fee may be determined by allowing one-half for sums received and one-half for sums disbursed. The court finds this approach acceptable. The duty of a receiver is to preserve the assets for the benefit of all interested parties. (See, Jamaica Sav. Bank v Florizal Realty Corp., 95 Misc 2d 654, 656; 7A Weinstein-Korn-Miller, NY Civ Prac THf 6401.15, 6401.18.) Thus, wherever possible, the receiver should maximize income and minimize expenditures. The procedure adopted by the First Department of requiring both receipt and disbursement of funds to earn a fee may be seen as encouraging disbursements. Accordingly, the court *685 adopts the suggested approach and awards the receiver 2Vi% of all receipts and 2V¿% of all disbursements. The fees on the first interim account as well as this second interim account shall be recalculated on these formulae.
The request for leave to pay the accountant on a monthly basis without prior order of the court is granted. Leave to hire the accountant was previously granted and his services are subject to the control of the receiver. To the extent that they are inappropriate, they are subject to the control and responsibility of the receiver. (Matter of Corcoran v Joseph M. Corcoran, Inc., 135 AD2d 531, 535.)
Leave to pay the receiver in a similar fashion is denied. Fees of a receiver are subject to the review of the court based on statutory authority and predicated on a review of his performance of services, making this request premature. (East Chatham Corp. v Iacovone, 25 AD2d 622; cf., Matter of Kane [Freedman — Tenenbaum], 75 NY2d 511.)