[637 NYS2d 712]

EASTRICH MULTIPLE INVESTOR FUND, L. P., Respondent, v CITI-
WIDE DEVELOPMENT ASSOCIATES et al., Defendants. HOW-
ARD C. AMRON, as Receiver, Appellant.

First Department, February 13, 1996

**APPEARANCES OF COUNSEL**

*Michael A. Gould* of counsel *(Stark, Amron, Liner & Na-
rotsky, L. L. P.,* attorneys), for appellant.

**OPINION OF THE COURT**

KUPFERMAN, J.

In this mortgage foreclosure action, a temporary receiver for
rents and profits of the subject property was appointed by or-

der (Martin Evans, J.) entered August 9, 1994. According to the final account, which is not contested, during the seven-month period of the receivership there were gross receipts of $47,200.46 and gross disbursements of $22,125.89, resulting in a cash balance of $25,074.57.

CPLR 8004 (a) provides, in pertinent part: "A receiver, except where otherwise prescribed by statute, is entitled to such commissions, not exceeding five percent upon the sums received and disbursed by him, as the court by which he is appointed allows." Implicit in the court's decision fixing commissions is a finding that the receiver is entitled to 5% of the gross disbursements of $22,125.89 rather than 5% of the gross receipts of $47,200.46 as requested. We disagree.

While there appears to be some confusion on the subject (Bergman, Mortgage Foreclosures, *The 5 Percent Question; Receiver's Commission: Confusion Reigns Over 'How Much'*, NYLJ, May 24, 1995, at 5, col 2), we have recently noted in *Coronet Capital Co. v Spodek* (202 AD2d 20, 27), "[i]n a simple case, the amount received and the amount disbursed will be the same (*City of New York v Big Six Towers*, 59 Misc 2d 839 [*affd* 33 AD2d 658]). Where it is not, a commission is payable as a percentage of what the court 'decided was the value of the assets which came into the hands of the receivers, and which were disbursed or transferred by them' (*Betz v New Jersey Refrig. Co.*, 231 App Div 553, 558)." To this end, we noted (202 AD2d, *supra*, at 27) that the Fourth Department's decision in *People v Abbott Manor Nursing Home* (112 AD2d 40), where the question was whether the receiver was entitled to a double recovery of 5% of the sums received *plus* 5% of the sums disbursed, is in agreement with our interpretation of the statute, viz., the receiver is not entitled to a double recovery and the commission should be based upon a percentage, not to exceed 5% of the total receipts.

Clearly, $47,200.46 in gross receipts "came into the hands" of the receiver and was or will be "disbursed or transferred" by him. Five percent of that amount is $2,360.02. To hold otherwise would penalize a receiver whose prudent management has resulted in a surplus. Moreover, such surplus will ultimately be "disbursed or transferred", i.e., applied in reduction of the mortgage debt. To the extent that dicta in our decision in *New York State Mtge. Loan Enforcement & Admin. Corp. v Milbank Site One Houses* (151 AD2d 424, 425) indicates otherwise, we decline to adopt such rationale.

Accordingly, the order of the Supreme Court, New York County (Louis B. York, J.), entered July 18, 1995, which

granted the receiver's motion to, *inter alia*, fix his commission to the extent of awarding him "a commission of $1,106.29 which is 5% of the money received and paid out", should be reversed, on the law, to the extent appealed from, and the receiver's commission fixed at $2,360.02, with costs.

ELLERIN, J. P., ROSS, WILLIAMS and TOM, JJ., concur.

Order, Supreme Court, New York County, entered July 18, 1995, which granted the receiver's motion to, *inter alia*, fix his commission to the extent of awarding him a commission of $1,106.29, which is 5% of the money received and paid out, reversed, on the law, to the extent appealed from, and the receiver's commission fixed at $2,360.02, with costs.