**McKew v Shaw**

2025 NY Slip Op 30666(U)

February 18, 2025

Supreme Court, New York County

Docket Number: Index No. 656214/2016

Judge: Emily Morales-Minerva

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. EMILY MORALES-MINERVA**     PART     **42M**

*Justice*

-------------------------------------------------------------------------X

MARK L. MCKEW, AS RECEIVER OF 11-15 ST.
NICHOLAS AVENUE HDFC AND ITS REAL PROPERTY,

Plaintiff,

- v -

ROBERT SHAW, ABC MANAGEMENT CORP.,
JPMORGAN CHASE & CO., ANN BROOKS, MARTA
BATIZ, TYRONE PATTERSON,

Defendant.

-------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 656214/2016 |
| MOTION DATE | 11/27/2024 |
| MOTION SEQ. NO. | 022 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 022) 355, 356, 357, 358, 359, 360, 361, 362, 363, 364, 365, 366, 367, 368, 369, 370, 378

were read on this motion to/for     APPOINT - FIDUCIARY     .

APPEARANCES:

    McKew Law Firm, PLLC, New York, New York (Mark L. McKew, Esq., of counsel) for Plaintiff.

HON. EMILY MORALES-MINERVA:

In this action to, among other things, recover money damages for conversion of corporate assets and for declaratory relief, plaintiff MARK L. McKEW, AS RECEIVIER OF 11-15 ST. NICHOLAS AVENUE HDFC AND ITS REAL PROPERTY (plaintiff receiver), moves, by motion (sequence number 022), for, among other things, an order, pursuant to the Uniform Rules for Trial Courts (22 NYCRR) § 36.1, to appoint Adam Kalish, Esq., of Colbert Law LLC, to serve as counsel to plaintiff receiver, and to appoint Stuart

[* 1]

Mordfin, C.P.A., of Mordfin LLP, to serve as accountant to plaintiff receiver.

Defendants appear and do not oppose the motion.

For the reasons set forth below, plaintiff receiver's motion (seq. no. 022) is granted, in part, and denied in all remaining parts.

## BACKGROUND

The property at issue is located at 11-15 St. Nicholas Avenue, New York, New York 10026. By order dated October 9, 2018, the court (N. Bannon, J.S.C.) appointed Mark L. McKew, Esq., as the receiver of 11-15 St. Nicholas Avenue HDFC, the cooperative housing development fund corporation, and the above-mentioned property (see NYSCEF Doc. No. 153, Decision and Order, dated October 9, 2018). In that order, the court (N. Bannon, J.S.C.) authorized plaintiff receiver to retain the services of a managing agent, but expressly provided that plaintiff receiver "shall not make any secondary appointments without the prior written approval of the court" (id.).

Now, plaintiff receiver moves, by motion (seq. no. 022), pursuant to the Uniform Rules for Trial Courts (22 NYCRR) § 36.1, for an order (a) appointing Stuart Mordfin, C.P.A., of Mordfin LLP, as accountant to plaintiff receiver, and

656214/2016   11-15 ST. NICHOLAS AVENUE HDFC vs. SHAW, ROBERT
Motion No. 022

Page 2 of 11

[* 2]

authorizing payment of an initial $3,500.00 deposit from plaintiff receiver's accounts to be applied to future invoices; (b) appointing Adam Kalish, Esq., of Colbert Law LLC, as counsel to plaintiff receiver, to bring and prosecute necessary legal proceedings against non-paying shareholders and tenants at the property in issue, and authorizing payment of a $50,000.00 legal retainer from plaintiff receiver's accounts to be applied to future invoices; (c) authorizing an interim payment of $6,536.09 to Charles J. Shields, C.P.A., plaintiff receiver's existing accountant, from receiver's accounts; and (d) authorizing an interim payment of $23,740.46 to Robert D. Pair, of Harlem Property Management, Inc., plaintiff receiver's property manager, from receiver's accounts. Plaintiff receiver further requests an order pursuant to CPLR §§ 6404 and 8004 for a 5% commission on the rents collected from the property.

ANALYSIS

*Appointment of Accountant and Counsel*

Section 36.1 of the Uniform Rules for Trial Courts requires court approval of counsel and accountants performing services for receivers (see Uniform Rules for Trial Cts [22 NYCRR] § 36.1[a][10][i], [ii], [v]). "In making appointments of persons

656214/2016   11-15 ST. NICHOLAS AVENUE HDFC vs. SHAW, ROBERT
Motion No. 022

Page 3 of 11

3 of 11

[* 3]

or entities to perform services for guardians or receivers, the appointing judge may consider the recommendation of the guardian or receiver" (22 NYCRR § 36.2[a]). "All appointments pursuant to this Part shall be made by the appointing judge from the appropriate list of applicants established by the Chief Administrator of the Courts pursuant to section 36.3 of this Part" (22 NYCRR § 36.2[b][1]).

Here, Stuart Mordfin, C.P.A., of Mordfin LLP, is on the eligibility list established by the Chief Administrator of the Courts pursuant to Section 36.3 of the Uniform Rules for Trial Courts (see NYSCEF Doc. No. 358, Part 36 Eligibility List). Moreover, plaintiff receiver's submissions in support of the instant motion (seq. no. 022), which includes his own affirmation and the biography of Stuart Mordfin, establishes that Stuart Mordfin is qualified, experienced, and skilled, and would provide services beneficial to HDFC (see id., Stuart Mordfin's Biography; see also NYSCEF Doc. No. 356, Affirmation of Plaintiff Receiver; NYSCEF Doc. No. 359, Engagement Letter).

Further, the prior appointment of Charles J. Shields (see NYSCEF Doc. No. 164, Decision and Order [N. Bannon, J.S.C.], dated November 13, 2018), a certified public accountant, as accountant to plaintiff receiver, does not bar this court from appointing Stuart Mordfin to supplement the work of Charles J. Shields. Plaintiff receiver adequately demonstrates that

656214/2016  11-15 ST. NICHOLAS AVENUE HDFC vs. SHAW, ROBERT    Page 4 of 11
Motion No. 022

4 of 11

[* 4]

Charles J. Shields was previously appointed due to his expertise in forensic accounting and to assist HDFC in recovering its financial history (see NYSCEF Doc. No. 356, Affirmation of Plaintiff Receiver). Now, plaintiff receiver requires the assistant of an accountant who can prepare financial statements based on the work completed by Charles J. Shields, which Stuart Mordfin is certified to do. Therefore, Stuart Mordfin, C.P.A., of Mordfin LLP, is appointed as the accountant to plaintiff receiver.

Plaintiff receiver also seeks the appointment of Adam Kalish, Esq., of Colbert Law LLC, who is on the eligibility list established by the Chief Administrator of the Courts pursuant to Section 36.3 of the Uniform Rules for Trial Courts (see NYSCEF Doc. No. 361, Part 36 Eligibility List). Further, Counsel Kalish's resume demonstrates his extensive condo and co-op litigation experience, establishing that he is skilled and qualified to serve as counsel to plaintiff receiver (see NYSCEF Doc. No. 361, Biography).

Additionally, although the court (N. Bannon, J.S.C.) previously appointed counsel to plaintiff receiver, prior counsel joined a new law firm and was unable to continue his representation of plaintiff receiver (see NYSCEF Doc. No, 356, Affirmation of Plaintiff Receiver). Therefore, the appointment of Adam Kalish, Esq., of Colbert Law LLC, as counsel to

[* 5]

plaintiff receiver is proper.

However, plaintiff receiver's requests for orders authorizing payments of a $50,000.00 legal retainer to Adam Kalish, Esq., of Colbert Law LLC, and a $3,500.00 deposit to Stuart Mordfin, C.P.A., of Mordfin LLP, are denied. In awarding payments to be paid from a receiver's account, the court must consider "the time and labor required; the difficulty of the questions involved; the proposed amount of fees; the benefit resulting to the client from the services; the customary fee charges for similar services; the contingency of compensation; the results obtained; and the responsibility involved" (GS Brooklyn Apts., LLC v Roberts, 176 AD3d 689 [2d Dept 2019]; see Laffey v Laffey, 174 AD3d 582, 586 [2d Dept 2019]). Accordingly, the court, at this juncture, can not authorize payments of $50,000.00 and $3,500.00, respectively. However, this decision is without prejudice to future requests for authorizations of payments that are properly supported by the requisite affidavits, retainer agreements, time sheets, and invoices (see NYSCEF Doc. No. 226, Decision and Order, dated November 1, 2019 [N. Bannon, J.S.C.] [interim payment of attorney's fees granted based upon review of detailed invoices, retainer agreement, and curriculum vitae).

656214/2016   11-15 ST. NICHOLAS AVENUE HDFC vs. SHAW, ROBERT                Page 6 of 11
Motion No. 022

[* 6]                                          6 of 11

*INTERIM PAYMENTS*

The court's order, dated October 9, 2018, provides plaintiff receiver with the discretion to pay the managing agent with **reasonable compensation**. As per the Management Agreement (see NYSCEF Doc. No. 351), Robert D. Pair, plaintiff receiver's property manager, issued copies of invoices (see NYSCEF Doc. No. 365) totaling $23,740.46. Upon a review of the invoices, the fee of $23,740.46 is reasonable for the services rendered. Therefore, the sum of $23,740.46 may be paid by plaintiff receiver from the receiver's account to Robert D. Pair.

Additionally, in accordance with the Professional Services Agreement (see NYSCEF Doc. No. 362), Charles J. Shields, C.P.A., plaintiff receiver's forensic accountant, issued an invoice (see NYSCEF Doc. No. 363) totaling $6,536.09.[1] Upon a review of the invoice, the fee of $6,536.09 is reasonable for the services rendered. Therefore, the sum of $6,536.09 may be paid by plaintiff receiver from the receiver's account to the court-appointed accountant, Charles J. Shields, C.P.A.

---

[1] The invoice states that the total amount due is $6,272.09, but per the Professional Services Agreement, a 6% interest fee is added to any outstanding balance (see NYSCEF Doc. No. 362). As per the invoice, $4,922.09 of the total amount due is more than 90 days overdue, and accrued a 6% interest, or approximately $295.00 (see NYSCEF Doc. No. 363). Therefore, the total amount due equals $6,536.09, as requested by plaintiff receiver.

656214/2016  11-15 ST. NICHOLAS AVENUE HDFC vs. SHAW, ROBERT
Motion No. 022

Page 7 of 11

7 of 11

[* 7]

*COMMISSION*

Plaintiff receiver's application for a 5% commission on the rents collected from the property -- $2,451,574.38 from October 9, 2018, through October 31, 2024 -- is denied, without prejudice to a future application at the termination of the receivership.

CPLR 8004 (a) provides, in pertinent part, "[a] receiver, except where otherwise prescribed by statute, is entitled to such commissions, not exceeding five percent upon the sums received and disbursed by him, as the court by which he is appointed allows." "A receiver is entitled to commissions not exceeding five percent of sums received and disbursed by him or her" (Silvestre v Shelley, 30 AD3d 401, 402 [2d Dept 2006]; see also New York State Mortg. Loan Enf't & Admin. Corp. v Milbank Site One Houses, Inc., 151 AD2d 424, 425 [1st Dept 1989][finding that "a commission is due upon the total amount which passes through the receiver's hands"]).

However, "[a]s a general rule, commissions are only to be paid out of the funds in the receiver's hands at the termination of the receivership" (Amusement Distributors, Inc. v Oz Forum, Inc., 113 AD2d 855, 855 [2d Dept 1985]). Further, the papers submitted in support must include a proper accounting documenting the receiver's services in adequate detail (see

**656214/2016  11-15 ST. NICHOLAS AVENUE HDFC vs. SHAW, ROBERT**
**Motion No. 022**

Page 8 of 11

[* 8]

Chang v Zapson, 67 AD3d 435, 435 [1st Dept 2009]; see also New York State Mortg. Loan Enf't & Admin. Corp., 151 AD2d at 426).

Here, the receivership has not been terminated, and as such, the application for a 5% commission on the rents collected from the property is premature. This is consistent with the court's (N. Bannon, J.S.C.) prior decision dated October 9, 2018, which specifically orders that "upon proper motion of the receiver to settle his final account, the fees of the receiver shall be paid in accordance with CPLR 8004" (emphasis added)(NYSCEF Doc. No. 153, Decision and Order, dated October 9, 2018).

Notwithstanding the prematurity of the application, the court is not inclined to consider an interim commission payment based upon the inadequacy of the supporting documentation, which consists of 2,843 pages of, among other things, various income and bank account statements, copies of checks, and bills (see NYSCEF Doc. No. 369, "Financial Reports"). Plaintiff receiver's affirmation does not contain any pinpoint citations to the supporting documentation to adequately detail the amounts reported or the receiver's services but instead, cites to all 2,843 pages as proof thereof (see NYSCEF Doc. No. 356, Plaintiff Receiver's Affirmation in Support). Accordingly, this application is denied, without prejudice to a future application at the termination of the receivership.

656214/2016  11-15 ST. NICHOLAS AVENUE HDFC vs. SHAW, ROBERT
Motion No. 022

Page 9 of 11

[* 9]

Accordingly, it is

ORDERED that the motion (sequence number 022) is granted in part, without opposition, and denied in all remaining parts; it is further

ORDERED that Stuart Mordfin, C.P.A., of Mordfin LLP, is appointed to serve as accountant to plaintiff receiver; it is further

ORDERED that Adam Kalish, Esq., of Colbert Law LLC, is appointed to serve as counsel to plaintiff receiver; it is further

ORDERED that plaintiff receiver is hereby authorized to make an interim payment of $23,740.46 to Robert D. Pair of Harlem Property Management, Inc., from the receiver's accounts for materials provided and professional services rendered; it is further

ORDERED that plaintiff receiver is hereby authorized to make an interim payment of $6,536.09 to Charles J. Shields, C.P.A., from the receiver's accounts for materials provided and professional services rendered; it is further

ORDERED that plaintiff receiver's requests for orders authorizing payments of a $50,000.00 legal retainer to Adam Kalish, Esq., of Colbert Law LLC, and a $3,500.00 deposit to Stuart Mordfin, C.P.A., of Mordfin LLP, are denied, without prejudice to future applications; and it is further

656214/2016  11-15 ST. NICHOLAS AVENUE HDFC vs. SHAW, ROBERT
Motion No. 022

Page 10 of 11

ORDERED that Plaintiff receiver's application for a 5%

commission is denied, without prejudice to future applications.


THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.


| 2/18/2025 | | | | |
|---|---|---|---|---|
| DATE | | | EMILY MORALES-MINERVA, J.S.C. | |

CHECK ONE:  ☐ CASE DISPOSED   ☒ NON-FINAL DISPOSITION

☐ GRANTED  ☐ DENIED  ☒ GRANTED IN PART  ☐ OTHER

APPLICATION:  ☐ SETTLE ORDER  ☐ SUBMIT ORDER

CHECK IF APPROPRIATE:  ☐ INCLUDES TRANSFER/REASSIGN  ☐ FIDUCIARY APPOINTMENT  ☐ REFERENCE

656214/2016   11-15 ST. NICHOLAS AVENUE HDFC vs. SHAW, ROBERT
Motion No. 022

Page 11 of 11

11 of 11

[* 11]